## IN THE MATTER OF THE CLAIM FOR COMPENSATION OF HATSUKO UYENO v. CHUN KIM SUT.

### No. 1883.

SUBMITTED AUGUST 15, 1929.　　　DECIDED SEPTEMBER 26, 1929.

PERRY, C. J., BANKS AND PARSONS, JJ.

OPINION OF THE COURT BY BANKS, J.

The industrial accident board of the City and County of Honolulu has reserved to this court the following question of law: "Whether or not a general contractor, engaged in the construction of private residences for sale on land owned by him, and who gives an independent contractor, who has not provided security for compensation liability to his employees, for a consideration, a contract to clear the land so owned by him, is an employer within the meaning of subdivision (a) section 3663, Revised Laws of Hawaii, 1925, so as to render him liable to compensate for personal injury by accident sustained by an employee of the independent contractor arising out of and in the course of such employment."

The material facts out of which the question arises are as follows: One Chun Kim Sut, a general contractor, was also the owner of certain premises situated at Kapahulu in Honolulu. Sut was employed in the erection of houses on these premises, which he intended, when the houses were completed, to sell. In order to prepare the land for the erection of the houses it was necessary to clear it of rocks. He therefore entered into a contract with one B. Enomoto to do this particular work. Under the contract Enomoto's relation to Sut was that of an independent contractor. Enomoto employed several workmen at a stipulated daily wage to assist him. Among these persons was one Hatsuko Uyeno. On the 26th day of October, 1928, Uyeno, while engaged in the work of removing rock from the premises in question, was injured by a belated explosion of powder. He thereupon filed with the industrial accident board a claim for compensation against Enomoto. At the hearing on this claim it was found that Enomoto did not carry insurance, as required by the Workmen's Compensation Act, and a finding of delinquency was made and the claim filed by Uyeno against Chun Kim Sut. The question, therefore, is

whether under the provisions of the Workmen's Compensation Act Sut is liable.

Section 3663, R. L. 1925, which is a part of the Act, contains the following provision: "Definitions. In this chapter, unless the context otherwise requires: (a) 'Employer,' unless otherwise stated, includes any body of persons, corporate or unincorporated, public or private, and the legal representative of a deceased employer. It includes the owner or lessee of premises, or other person who is virtually the proprietor, or operator of the business there carried on, but who, by reason of there being an independent contractor, or for any other reason, is not the direct employer of the workmen there employed. If the employer is insured it includes his insurer as far as applicable." Omitting the portions of this section that are irrelevant to the facts before us and, in order to make its application to these facts more apparent, somewhat paraphrasing it, it is as follows: Employer includes the owner of premises who is also the owner of the business carried on on such premises but who, by reason of there being an independent contractor, is not the direct employer of the workmen there employed.

It is agreed that Chun Kim Sut was the owner of the premises upon which the workman's injuries occurred. It is also agreed that he acquired the premises, as he had acquired other premises, for the purpose of erecting houses on them and thereafter selling them. It was the plan he had conceived and was prosecuting for the purpose of making money. It was the business in which he was engaged. Like most business enterprises, such, for instance, as the production of sugar or raising pineapples or conducting a store, it was comprised of many details. The rock must be removed so as to adapt the land to the erection of the houses contemplated. Building material must be obtained and placed on the land, houses must be

erected, purchasers must be found and sales completed. All these activities were component parts of the business in which the owner of the premises was engaged. The removal of the rock was as much a part of it as the erection of houses. His virtual ownership of the business was not affected by letting the prosecution of a part of it to an independent contractor. Such an arrangement, if countenanced, would defeat the purpose of the Workmen's Compensation Act. This clearly expressed purpose, so far as the instant case is concerned, is to impose liability for injuries sustained by workmen upon the owner of premises, who is also the owner of the enterprise that is being conducted on the premises, notwithstanding the fact that the particular detail of the enterprise in which the workman was injured has been let to and is being carried on by an independent contractor who is the immediate employer of the workmen.

Whether the owner of premises, who is not the owner of the business there carried on, comes within the statutory definition of "employer" we do not decide. That question is not before us.

The question before us was decided, and we think correctly, by this court in the case of *Ikoma* v. *Oahu Sugar Co.,* 23 Haw. 291. The Oahu Sugar Company, engaged in the general business of producing sugar, was the owner or lessee of certain land situated at Kipapa Gulch, Island of Oahu. Desiring to construct a roadbed on part of this land, it gave a contract for this purpose to Kenichi Harumi. Under this contract Harumi was an independent contractor. Among those whom he employed to do the actual work of constructing the roadbed was one Ikoma. While at work on this roadbed Ikoma lost the sight of his right eye, caused by a chip of iron which flew from a drill he was operating. He was the immediate employee of Kenichi Harumi, the independent contractor.

The court, in discussing whether the Oahu Sugar Company was liable under the Workmen's Compensation Act, said (p. 297) : "Was the company the employer, within the meaning of our Workmen's Compensation Act, of the claimant? Does the mere letting of the contract for building a short stretch of roadbed on the premises of the company exempt it from liability to the claimant? The company is, in the language of the Act, 'the owner or lessee of the premises' and we think 'is virtually the proprietor and operator of the business there carried on,' but 'by reason of there being an independent contractor * * * is not the direct employer' of the claimant, who was 'there employed.' In our opinion the words 'business there carried on' refer directly to the premises where a general business is conducted. The word 'business' has a broad meaning. * * * In the case at bar the partial construction of a railroad on the premises of the company, although done by an independent contractor, was necessary and proper to the general business of the company, and constructing said roadbed we regard as business carried on by the company, and under the language of section 60, heretofore quoted, the company was an employer of the claimant." In giving its reason for this conclusion the court said (p. 298) : "Our Act was framed with the obvious intent to prevent the owners of a business from escaping liability where a workman on their premises, and while doing work necessary and proper to their business on such premises, is injured, although he may be working under an independent contractor. If this is not true how can we account for the use of the language defining 'employer' to include the owner or lessee of premises, and the further words, 'proprietor or operator of the business there carried on'? The Act was intended to guard the interest of workmen on the premises of the owner of the business while doing work connected with or a part

of such business and to prevent the owner of the business from escaping liability by contracts or subcontracts of any kind."

In *O'Boyle* v. *Parker-Young Co.,* 95 Vt. 58, 112 Atl. 385, in construing a statute which defines the term "employer" in the identical language as that in which the same term is defined by our statute, the supreme court of Vermont said (p. 61) : "It was the evident intention of the legislature to make the person or persons, company or corporation, that for practical purposes was the proprietor or operator of the business carried on the employer within the meaning of the statute, though not actually the employer of the workmen by reason, among others, of there being an independent contractor who was the direct employer. Under the provisions of the statute quoted, the true test is: Did the work being done pertain to the business, trade, or occupation of the defendant, carried on by it for pecuniary gain? If so, the fact that it was being done through the medium of an independent contractor would not relieve the defendant from liability." See also *Fisk* v. *Bonner Tie Co.,* 40 Idaho 304, 232 Pac. 569.

Our attention has been called to two other Vermont cases, one earlier than the *O'Boyle* case and the other later, under which it is contended by the owner of the premises in question that he is not liable as an employer. In the later of these cases (*Blake* v. *American Fork & Hoe Co.,* 131 Atl. 844) the court held, under the facts before it, that the immediate employer of the workman who was injured was not an independent contractor but was carrying on his own business. The reserved question which we are considering presupposes that the immediate employer of the claimant was an independent contractor. This case therefore is inapplicable. In the earlier case (*Packett* v. *Moretown Creamery Co.,* 99 Atl. 639) the

court held that the erection, by an independent contractor, of a building upon premises which were being used by the owner as a creamery was not a part of the business that the owner was conducting although the building, when completed, was to be used by the owner in his creamery business. The court therefore, under a section of the workmen's compensation law similar to ours, decided that the owner of the premises was not the employer of a laborer who was injured while working on the building and who was in the immediate employ of the independent contractor. In the instant case we have reached a different conclusion regarding the work that was being done by the independent contractor.

For the foregoing reasons the reserved question is answered in the affirmative.

*J. F. Gilliland,* City and County Attorney, and *Hoon Wo Wong,* Deputy City and County Attorney, for the Industrial Accident Board.

*J. B. Lightfoot* for defendant.