193 P.2d 831

**GIFFORD et al. v. NOTTINGHAM.**

No. 7388.

Supreme Court of Idaho.

May 17, 1948.

Louis F. Racine, Jr. and Ben W. Davis, both of Pocatello, for respondents.

Zener & Peterson, of Pocatello, for appellant.

HYATT, Justice.

Appellant Nottingham as general contractor was engaged in the construction of certain sewers in and for the City of Pocatello. Grayson and Horner, under sub-contract with Nottingham, were digging pipe trenches for the sewers. Earl Frank Gifford, son of the respondents, was killed on March 12, 1946, while engaged in the trench digging, as a result of an accident arising out of and in the course of his employment with Grayson and Horner, occasioned by the negligence of Nottingham's employees who were performing work at the time in such sewer construction.

Respondents brought this action as heirs at law of Earl Frank Gifford to recover from appellant damages for the wrongful death of their son. From a judgment on verdict in their favor, and an order denying his motion for a new trial, Nottingham appeals.

All assignments of error present for determination the sole question of the right of the respondents to bring and maintain this action.

At the outset, we are confronted with the following provisions of our Workmen's Compensation Law: "* * *. The state of Idaho, therefore, exercising herein its police and sovereign power, declares that all phases of the premises are withdrawn from private controversy, and sure and certain relief for injured workmen and their families and dependents is hereby provided regardless of questions of fault and to the exclusion of every other remedy, proceeding or compensation, except as is otherwise provided in this act, and to that end all civil actions and civil causes of action for such personal injuries, and all jurisdiction of the courts of the state over such causes are hereby abolished, except as is in this act provided." Sec. 43-902, I.C.A.

"The rights and remedies herein granted to an employee on account of a personal injury for which he is entitled to compensation under this act shall exclude all other rights and remedies of such employee, his personal representatives, dependents, or next of kin, at common law or otherwise, on account of such injury. * * *" Sec. 43-1003, I.C.A.

The words "injury" or "personal injury" include death resulting from an injury within two years after an accident. Sec. 43-1809, I.C.A.

■ Our Workmen's Compensation Act is a remedial and special law providing compensation for injured employees, without reference to any question of negligence, either on the part of the employer or employee. Lebak v. Nelson, 62 Idaho 96 at

page 119, 107 P.2d 1054. It is purely statutory and is an express departure and innovation so far as the common law is concerned, explicitly doing away with common law actions previously applicable to controversies within the scope of the statute. Cook v. Massey, 38 Idaho 264 at page 269, 220 P. 1088, 35 A.L.R. 200. This court, commenting on Sec. 43-902, I.C.A. supra, said in Olson v. U. P. R. R. Co., 62 Idaho 423 at page 428, 112 P.2d 1005, 1007, that the legislature abolished every remedy for all injuries (negligent and non-negligent) received by a workman "in course of his employment."

However, actions of an employee, his heirs or personal representatives, against a third person to recover damages for personal injuries or death sustained by reason of actionable negligence of such third party, are not abolished by the Workmen's Compensation Law, the provisions of the statute being expressly confined to those occupying the relationship of employee and employer. Lebak v. Nelson, supra, at page 111, 112 of 62 Idaho, 107 P.2d 1054. The legislative intent in regard to the maintenance of an action against a third party, whose negligence is responsible for an injury or death arising out of and in the course of employment, is expressed in Sec. 43-1004, I.C.A. providing as follows: "When an injury for which compensation is payable under this act shall have been sustained under circumstances creating in some other person than the employer a legal liability to pay damages in respect thereto, the injured employee may, at his option, either claim compensation under this act or obtain damages from or proceed at law against such other person to recover damages; and if compensation is claimed and awarded under this act any employer having paid the compensation or having become liable therefor shall be subrogated to the rights of the injured employee to recover against that person: provided, if the employer shall recover from such other person damages in excess of the compensation already paid or awarded to be paid under this act, then any such excess shall be paid to the injured employee less the employer's expenses and costs of action."

However, in the enactment of Secs. 43-902, I.C.A. and 43-1003, I.C.A. supra, the legislature removed from the sphere of civil actions, all suits against an employer for damages on account of personal injury or death of an employee, where such injury or death arises out of and in the course of the employment, and this restriction applies to the employee, his personal representatives, dependents and next of kin, which latter term includes heirs. It is immaterial whether respondents were dependents of their son or not. If Nottingham was an employer within the meaning of the Workmen's Compensation Act, respondents cannot maintain this action. If he is some person other than such employer,

that is, a third party, then they are entitled to recover against him.

In the event of death of an employee resulting from an accident arising out of and in the course of his employment, there are three general classes of payments designated as compensation, to wit: Payment of personal compensation to the employee and his dependents; payment of hospital, medical and burial expenses; and where there are no dependents, payment of a lump sum to the State. State ex rel. Wright v. C. C. Anderson Co. of Emmett, 65 Idaho 400, 145 P.2d 237; Sec. 43-1101, I.C.A. as amended by Chap. 147, 1935 Laws.

In determining whether Nottingham was the employer or some other person than the employer within the meaning of the act, decisions from other states are not particularly helpful by reason of the difference in statutes. We are concerned here primarily with a question of legislative intent as expressed in the statute directly or by necessary implication. Arneson v. Robinson, 59 Idaho 223, 82 P.2d 249 at page 255; Hancock v. Halliday, 65 Idaho 645, 150 P.2d 137 at page 138, 154 A.L.R. 295.

Sec. 43-1806, I.C.A. defines "Employer" as follows: " 'Employer,' unless otherwise stated, includes any body of persons, corporate or unincorporated, public or private, and the legal representative of a deceased employer. It includes the owner or lessee of premises, or other person who is virtually the proprietor or operator of the business there carried on, but who, by reason of there being an independent contractor, or for any other reason, is not the direct employer of the workmen there employed. If the employer is secured it includes his surety so far as applicable."

Sec. 43-1001, I.C.A., as amended, 1939 Laws, Chap. 161 provides: "If a workman receives personal injury caused by an accident arising out of and in the course of any employment covered by the workmen's compensation law his employer or the surety shall pay compensation in the amounts and to the person or persons hereinafter specified. * * * "

Sec. 43-1101, I.C.A. provides that if death results from the injury within two years, the employer or the surety shall pay to the person entitled burial expenses, etc.

Sec. 43-1005, I.C.A. provides: "No contract, rule, regulation or device whatsoever shall operate to relieve the employer in whole or in part from any liability created by this act, other than as provided in sections 43-1006 and 43-1108."

Sec. 43-1611, I.C.A. provides: "An employer subject to the provisions of this act, shall be liable for compensation to an employee of a contractor or subcontractor under him or who has not complied with the provisions of section 43-1601 in any case where such employer would have been liable for compensation if such employee had been working directly for such employer. The contractor or subcontractor

shall also be liable for such compensation, but the employee shall not recover compensation for the same injury from more than one party. The employer who shall become liable for and pay such compensation may recover the same from the contractor or subcontractor for whom the employee was working at the time of the accident. This section shall be in force as to all contracts made subsequent to March 15, 1921."

This court has held that Sec. 43-1611, I.C.A. does not amend Sec. 43-1806, I.C.A., and that there is no conflict between the two; that the liability of the proprietor or operator of the business for injury to an employee of an independent contractor who is engaged in work connected with the business of the proprietor is established by Sec. 43-1806, I.C.A., while Sec. 43-1611, I.C.A. makes both the proprietor and the contractor liable, and allows the proprietor, if he pay, to recover from the contractor. In Re Fisk, 40 Idaho 304 at page 309, 232 P. 569. See also Hiebert v. Howell, 59 Idaho 591 at page 597, 85 P.2d 699, 702, 120 A.L.R. 388.

Any compensation payable under the law on account of the death of Earl Frank Gifford can be, or would be, recoverable from Nottingham or from Grayson and Horner, and the claim therefor asserted directly against either or both. "It was the evident intent of the legislature to require the original employer, contractor and subcontractor to pay compensation to workmen injured on the job, whether they are employed by the original owner, employer, contractor or by a subcontractor. The fact that the liability extends to both the original contractor and subcontractor, so far as the employee is concerned, and gives to the employer the right to recover any amount paid by him from the contractor or subcontractor, does not prevent or interfere with the employee making his claim and asserting it directly against either or all together. If for any reason the employer desires to have the subcontractor brought in or bound by any order or judgment that may be entered against the employer, it is his duty to have such subcontractor made a party to the proceeding." Hiebert v. Howell, 59 Idaho 591 at 599, 85 P.2d 699, 120 A.L.R. 388.

In the case of In re Fisk, 40 Idaho 304 at 307, 232 P. 569, this Court quoted with approval from the case of O'Boyle v. Parker-Young Co., 95 Vt. 58, 112 A. 385, 386, as follows: "It was the evident intention of the Legislature to make the person or persons, company or corporation, that for practical purposes was the proprietor or operator of the business being carried on the employer, as the word is used in the statute, though not actually the employer of the workmen by reason, among others, of there being an independent contractor who was the direct employer. Under the provisions of the statute quoted, the true test is, Did the work being done pertain to the business, trade, or occupation of the defendant, car-

ried on by it for pecuniary gain? If so, the fact that it was being done through the medium of an independent contractor would not relieve the defendant from liability."

■ The foregoing cases fully answer any contention that the proprietor or operator of the business or the main contractor is only liable for compensation on account of the injury or death of an employee of a subcontractor in a case where the subcontractor has not complied with the provisions of Sec. 43-1601, I.C.A., requiring security for compensation.

While respondents argue that the City of Pocatello was the actual proprietor and therefore the employer as defined in Sec. 43-1806, I.C.A., and that by reason thereof Nottingham is not included within the statutory definition of an employer, such a contention is directly in conflict with Moon v. Ervin, 64 Idaho 464, 133 P.2d 933, wherein this court held that the owner of residence property, who let a contract to a contractor for the construction of a residence thereon, was not the employer of the workman of the contractor within the meaning of the statute, and that further such owner was not the proprietor or operator of the business there being carried on, to wit, the construction of the dwelling.

■ Nottingham as the principal contractor was the operator of the business being carried on, to wit, the construction of the sewer system. Earl Frank Gifford was engaged in a part of that business, although employed by a subcontractor under Nottingham. The word "business" must be given a broad meaning and interpretation under the principles of liberal construction of our workmen's compensation law. If Nottingham was not an employer within the meaning of the act, then Sec. 43-1806, I.C.A. above quoted is purposeless. Undoubtedly one object of the statute in making the operator of the business liable for workmen's compensation, was to afford full protection to workmen by preventing the operator or contractor avoiding liability under the workmen's compensation act by subcontracting work to others who might be irresponsible. The effect of our law, under our decisions, is to make the principal contractor or operator liable the same as if he had directly hired the employees for the work which he is carrying on. The relation thus established is purely statutory. The legislature for the purpose of the compensation act created the relation of employer and employee between independent groups who never before had borne, and who do not now under the common law bear that relation to each other. It forces liability upon parties who are not in privity of contract.

■ Inasmuch as an absolute liability is fastened upon the main contractor to pay workmen's compensation, it makes no difference, for the purposes of this case, that such main contractor may recover from the subcontractor as provided by Sec. 43-

1611, I.C.A., or that the employee may elect to hold his immediate employer alone.

In speaking of the effect of the provisions of a statute which were construed to fix an absolute liability upon the principal contractor to an employee of a subcontractor for workmen's compensation, the Supreme Court of Maryland said:

"The effect of this provision, when brought into operation through the designated state of circumstances, is to impose the absolute liability of an employer upon the principal contractor when he was not in law the employer of the injured workman. The result, then, is that, where the prescribed conditions exist, the principal contractor becomes by the act the statutory employer of any workman employed in the execution of the work. This absolute statutory liability is not affected by the fact that it is later provided in section 62 that the workman may elect whether he shall enforce the compensation against the principal contractor or the subcontractor, or that, whenever an employee proceeds against the principal contractor, the latter shall have the right to join the subcontractor or any intermediate contractors as defendant or codefendant in the case; or that, when the principal contractor is liable to pay compensation pursuant to this section, he shall be entitled to indemnity from any employer who would have been liable to pay compensation to the employee independently of section 62.

"These provisions leave unimpaired the primary liability imposed by the statute upon the principal contractor. The first gives to the workman the choice of two primary liabilities, as but one is enforceable by him. The second is a matter of procedure, and the third relates to the question of indemnity to the principal contractor by the subcontractor, and neither concerns the liability of the principal contractor to the workman. This primary liability so imposed by statute upon the principal contractor is not based upon contract, since the legislation is predicated upon the fact that no contractual relation, as master and servant, exists between the principal contractor and the workman; nor does it flow from a breach of duty, because the liability arises independently of the existence of fault on the part of the principal contractor. This legislation, however, finds its constitutional support in the consideration that the general welfare is promoted and conserved by requiring the employer and the workman to yield something of their respective rights toward the establishment of a principle and plan of compensation for their mutual protection and advantage."

State v. Benjamin F. Bennett Building Co., 154 Md. 159, 140 A. 52, 53. And the Tennessee Court has said: "The fact that a principal contractor is held to be secondarily liable for compensation, as announced in some cases, does not, as a matter of law, make him a 'third party' and

liable to a common-law action. This must necessarily be true in the light of our own statutory provisions that he is liable 'to the same extent as the immediate employer.' There is no way for him to escape liability for compensation if the injured employee chooses to sue him along with his immediate employer. Moreover, section 8 of the act, which grants immunity from a suit at common law, would be meaningless, and he would be faced with the incongruity of having to defend two suits, one for compensation and another for damages under the common law. While the principal contractor has been referred to in many cases as being secondarily liable, this court has held that he may be made a party defendant along with the sub-contractor in an action for compensation." Adams v. Hercules Powder Co., 180 Tenn. 340, 175 S.W. 2d 319, 322, 151 A.L.R. 1352.

In an annotation on the general subject matter here involved, in 151 A.L.R. 1359, the writer at page 1364 summarizes the effect of the cases as follows: "In some jurisdictions the compensation acts, instead of making the liability of the general employer or independent contractor dependent on the carrying of compensation insurance by the independent contractor or subcontractor, directly impose what amounts practically to an absolute, although perhaps a secondary, liability on the former for injuries to employees of the latter. These provisions, drawn in varying language, have been generally construed as creating an ex-clusive remedy, precluding the maintenance of a common-law action against the general employer or independent contractor, even though rights of action against 'third persons' are preserved by the act."

In view of all that has been said, we are compelled to hold that Nottingham was an employer within the meaning of the Workmen's Compensation Act, and particularly Sec. 43-1004, I.C.A. Any other construction would do violence to what we believe to be the policy of our Workmen's Compensation Law and the intent of the legislature in enacting it. The rule making the main contractor or proprietor liable is a salutary one in that it better carries out the provisions of the Workmen's Compensation Law for "sure and certain relief for injured workmen and their families and dependents," and avoids the complications of determining who is a proprietor, contractor or independent contractor. The benefits to the workmen in having sure and certain rights and remedies under the Workmen's Compensation Law against the proprietor or main contractor, as well as against the subcontractor, outweigh the occasional advantage that might accrue to him in an action at law.

Hancock v. Halliday, 65 Idaho 645, 150 P. 2d 137, 154 A.L.R. 295, can be distinguished upon the ground that the contract doctor against whom the action was brought, and whose tort was responsible for the injury, was a third party—some person other than the employer. He was not an employee

340

of the employer, or a contractor with the employer, to carry on any of the business of the employer, but on the other hand was an entirely independent agent contracting to render medical and hospital service, to which the employee, the employer and the doctor were all parties. Further, the employee having contracted and paid for such medical and hospital service should be allowed to sue for the torts of the doctor the same as any other patient.

The judgment of the District Court is therefore reversed and vacated, and the action dismissed with prejudice. Costs to appellant.

GIVENS, C. J., and BUDGE, J., concur.

HOLDEN, Justice (dissenting).

In view of the special questions the court submitted to counsel for the respective parties on the reargument of this cause at our April, 1948, term at Pocatello, the decision of this cause now turns upon whether certain provisions of our Workmen's Compensation Act (quoted in the majority opinion) were intended to repeal our wrongful death statute (hereinafter quoted), there being no express repeal.

Our wrongful death statute was enacted in 1881. It provides: [Sec. 5-311, I.C.A.] "Action for wrongful death.—When the death of a person, not being a minor, is caused by the wrongful act or neglect of another, his heirs or personal representatives may maintain an action for damages against the person causing the death; or if such person be employed by another person who is responsible for his conduct, then also against such other person. In every action under this and the preceding section, such damages may be given as under all the circumstances of the case may be just."

Our compensation act was first enacted in 1917 by the fourteenth session of the legislature, 1917 Sess.Laws, chap. 81, p. 252. Under the well settled rule of statutory construction, it must be conceded the legislature when it enacted the Workmen's Compensation Act, had the death statute in mind. Idaho Mutual Benefit Association v. Robison, 65 Idaho 793, 799, 154 P.2d 156; Walker v. Wedgwood, 64 Idaho 285, 289, 130 P.2d 856. With the provisions of the death statute before it, and the provisions of the proposed Workmen's Compensation Act also before it, the legislature knew what, if any, conflict would be created by the enactment of the latter statute. Hence, if the legislature had had the remotest intention of repealing the death statute by the enactment of the Workmen's Compensation Act, it would, of course, while it had all the provisions of both statutes before it for consideration, have included an express provision repealing whatever provisions of the death statute might appear to be in any way in conflict with the Workmen's Compensation Act. And further, if the legislature had had the slightest intention of repealing all the provisions or any provision of the death statute, it would at least

have included the usual provision (which it did not) "That all acts, and parts of acts, in conflict herewith, are hereby repealed."

Furthermore, and as held by this court in State v. Martinez, 43 Idaho 180, 187, 250 P. 239, 240: "'To effect an implied repeal of one statute by another they must both relate to the same subject and have the same object or purpose. Where there is a difference in the whole purview of two statutes apparently relating to the same subject, the former is not repealed. Where the evils which an act is designed to remedy are different from those for which a prior act provides, the prior act is not repealed. * * * [citing cases]'" (Emphasis added.)

And, too, it must be kept in mind the death statute is a prior special or specific statute, and that our Workmen's Compensation Act is a general statute. This court just held (March 16, 1948) in John Hancock Mutual Life Ins. Co. v. Haworth, 68 Idaho 185, 192, 191 P.2d 359, 362, 363, that: "The presumption is that a general or broad act was not designed to repeal a special or specific act, but that the special or specific act was intended to remain in force as an exception to the general or broad act."

In the case at bar the complaint alleged a cause of action under the death statute; it did not plead dependency within the meaning of the Workmen's Compensation Law and the decisions thereunder.

The judgment should be affirmed.

I am authorized to say MILLER, J., concurs in this dissenting opinion.