MARCIANA WRIGHT; AND SELMA MAY WRIGHT, JOHN OTTO WRIGHT, JR., GLORIA JEAN WRIGHT, KEITH JONATHAN WRIGHT, MINORS, BY MARCIANA WRIGHT, AS THEIR NEXT FRIEND, *v.* THE CITY AND COUNTY OF HONOLULU, A MUNICIPAL CORPORATION.

NO. 3099.

ARGUED JANUARY 24, 1957.                    DECIDED MARCH 5, 1957.

RICE, C. J., STAINBACK AND MARUMOTO, JJ.

OPINION OF THE COURT BY MARUMOTO, J.

This case is before this court on an interlocutory appeal by the defendant from an order of the circuit court denying its motion to dismiss plaintiffs' complaint.

Plaintiffs are the widow of John O. Wright and children of John O. Wright suing by their mother as next friend. They were all dependents of John O. Wright during his lifetime.

Plaintiffs filed a complaint against the defendent alleging two causes of action, each cause of action containing two counts. The basic factual allegations are identical under both causes of action and both counts, and are as follows: that the defendant, as architect and owner, caused to be issued a notice inviting contractors to submit bids for the construction of Kalihi tunnel; that plans and specifications for the tunnel were prepared by defendant's employees; that following the opening of bids and acceptance of certain bids by defendant, construction of the tunnel was commenced by E. E. Black, Limited, as the contractor doing the excavation; that John O. Wright was an employee of E. E. Black, Limited, working inside the tunnel; that a portion of the ceiling of the tunnel collapsed, burying John O. Wright and causing his death; that the collapse of the tunnel ceiling was due to defendant's negligence. The only differences in the two causes of action and the two counts thereunder are that the first cause of action is based on section 10486 of the Revised Laws of Hawaii 1945 relating to right to maintain action for damages on account of death by wrongful act, that the second cause of action is based on the common law of Hawaii and/or section 4409 of the Revised Laws of Hawaii 1945 relating to tort liability of a third person under the workmen's compensation law, and that the first count under each cause of action alleges defendant's negligence as architect while the second count alleges its negligence as owner.

Defendant moved to dismiss the complaint on the ground that it failed to state a claim against the defendant upon which relief could be granted. The court below denied the motion, setting forth several grounds for such denial.

The only ground that requires consideration by this court is the holding that the defendant was not the statutory employer of John O. Wright, for both the plaintiffs and the defendant agree that the only issue on this appeal is whether the defendant was the "employer" of John O. Wright at the time of his death, within the definition of employer in section 4401 of the Revised Laws of Hawaii 1945.

Section 4401 defines employer as follows: " 'Employer', unless otherwise stated, includes any body of persons, corporate or unincorporated, public or private, and the legal representative of a deceased employer. It includes the owner or lessee of premises, or other person who is virtually the proprietor, or operator of the business there carried on, but who, by reason of there being an independent contractor, or for any other reason, is not the direct employer of the workmen there employed."

Plaintiffs raise the question whether a public body is included in the definition of statutory employer. They argue that a public body is not so included because of the difference in the coverage provisions of the workmen's compensation law as set forth in sections 4403 and 4404. Section 4403 provides that the law applies to all "industrial employment." Section 4404 provides that the law applies to all "employees" of the Territory and its political subdivisions. Plaintiffs claim that the use of the word "employee" in the coverage of public employment limits the liability of a public body under the workmen's compensation law to its direct employees. We do not so construe the statute. Extension of employer's liability under the law is brought about not by the definition of the term "public employment" or "employee" but by virtue of the definition of "employer." Under section 4401, "employer" includes any body of persons, "public or private." The further provision in the section which includes, within

the definition of employer, "the owner or lessee of premises, or other person who is virtually the proprietor, or operator of the business there carried on" does not confine such owner, lessee or other person to a private individual or body. Thus, the defendant, a municipal corporation, may be a statutory employer.

No question is raised as to defendant's ownership of the Kalihi tunnel premises. Plaintiffs allege in their complaint that the defendant invited bids for the construction of the tunnel as owner and seek to recover damages on the ground of the negligence of defendant as such owner.

So, our inquiry narrows down to this question: Was the defendant, at the time of the accident which caused the death of John O. Wright, "virtually the proprietor, or operator of the business" carried on at the Kalihi tunnel premises? In order to answer this question, we must first decide whether the construction of the tunnel is properly a part of defendant's business. Plaintiffs' complaint does not allege, and the defendant's pleading does not aver, that such construction is a business of the defendant. However, we take judicial notice that such construction is defendant's business and it was so at the time of the accident. Act 265 of the Session Laws of 1951 authorizes the board of supervisors of the City and County of Honolulu to issue general obligation bonds in the sum of $6,000,000 to pay the interest and sinking fund from funds derived from an extra or special fuel tax set aside by law for the use of the City and County of Honolulu, and to expend the moneys realized from such bonds for the construction of the Kalihi tunnel and its approach roads. The bond issue was approved by Congress by Public Law 385, 82d Congress, 2d Session. (66 Stat. 133) It is a necessary inference from Act 265 that the defendant is authorized to construct the tunnel. Plaintiffs have argued at length that under the decisions of this court highway construction is a corporate

function of the defendant, as distinguished from its governmental function, and that only acts done in pursuance of a governmental function may properly be considered the business of defendant. Such argument no longer has validity under our recent decisions in the cases of *Kamau* v. *County of Hawaii*, 41 Haw. 527, *Cushnie* v. *County of Hawaii*, 41 Haw. 527, and *Lara* v. *City and County of Honolulu*, 41 Haw. 600, which abandoned the distinction between corporate function and governmental function as a basis for municipal tort liability.

We then come to a consideration of the ultimate question as to whether the defendant was virtually the proprietor or operator of the business carried on at the tunnel premises at the time of the accident. Our answer to this question is governed by the decisions in *Re Ichijiro Ikoma*, 23 Haw. 291, and *Uyeno* v. *Chun Kim Sut*, 31 Haw. 102. The case of *Re Ichijiro Ikoma* involved the liability of Oahu Sugar Company, Limited, for injury to an employee of a independent contractor to whom it gave the contract for the construction of a road-bed for a railroad intended to be used in its business. In holding that Oahu Sugar Company, Limited, was liable to the injured person, this court stated at page 297: "In the case at bar the partial construction of a railroad on the premises of the company, although done by an independent contractor, was necessary and proper to the general business of the company, and constructing said road-bed we regard as business carried on by the company, and under the language of section 60 [R. L. H. 1945, § 4401], heretofore quoted, the company was an employer of the claimant." In *Uyeno* v. *Chun Kim Sut* this court held that a general contractor, engaged in the construction of private residences for sale on land owned by him was liable for injury to an employee of an independent contractor to whom he gave a contract to clear the land, and stated at page 105: "His virtual

ownership of the business was not affected by letting the prosecution of a part of it to an independent contractor. Such an arrangement, if countenanced, would defeat the purpose of the Workmen's Compensation Act. This clearly expressed purpose, so far as the instant case is concerned, is to impose liability for injuries sustained by workmen upon the owner of premises, who is also the owner of the enterprise that is being conducted on the premises, notwithstanding the fact that the particular detail of the enterprise in which the workman was injured has been let to and is being carried on by an independent contractor who is the immediate employer of the workmen." The only difference between the instant case and the cases of *Re Ichijiro Ikoma* and *Uyeno* v. *Chun Kim Sut* is the magnitude of the contract awarded to E. E. Black, Limited, as compared to the work given to independent contractors in the latter cases. We see no difference in applicable principle.

It is a settled rule of statutory construction that when a statute has been construed by a court of last resort, and the same is re-enacted, the legislature may be regarded as adopting such construction. (*Heald* v. *District of Columbia*, 254 U. S. 20; 50 Am. Jur., *Statutes*, § 442) The definition of statutory employer in section 4401 was first enacted as part of section 60 of Act 221 of the Session Laws of 1915. *Re Ichijiro Ikoma* was decided in May 1916. In the following year the legislature, in section 13 of Act 227 of the Session Laws of 1917, re-enacted the definition of statutory employer in exactly the same language as in Act 221 of the Session Laws of 1915. Thereafter, for a period of forty years, the legislature has left the definition of statutory employer intact and untouched, although in the meantime this court rendered the decision in *Uyeno* v. *Chun Kim Sut* in 1929 and the legislature amended other definitions in the workmen's compensation law on seven different occa-

sions. We think *Re Ichijiro Ikoma* and *Uyeno* v. *Chun Kim Sut* were correctly decided. If the decisions are contrary to legislative intent, it is for the legislature to amend the statute, not for us to overrule existing decisions.

Plaintiffs rely heavily on *Kirk* v. *United States,* 232 F. (2d) 763, in support of their position. The case involved the applicability of the definition of statutory employer in the Idaho law, identical with ours, to the United States. The United States had awarded the contract for the construction of a dam on Boise River in Idaho, known as Lucky Peak Dam, to a general contractor. In the course of construction of the dam an employee of the general contractor fell from a broken scaffold and died. The action was brought under the provisions of the Federal Tort Claims Act, which provides that the United States shall be liable for tort "in the same manner and to the same extent as a private individual under like circumstances" is liable. There is no provision in the workmen's compensation law in Idaho affording coverage thereunder to the United States. Under those circumstances, the United States Court of Appeals of the Ninth Circuit held that the United States was not a statutory employer. It based its decision on two grounds. The first ground is set forth on page 767: "Perhaps the most conclusive reason why the United States is not actually an 'employer' within the meaning of the Idaho Act is that there is no provision therein which would define it as such." To the argument that the United States would be an "employer" under the Idaho law if it were a private person, the court noted that a private person would not be likely to be engaged in a flood control project of the character mentioned in the case and that if it could be conceived that a private person would be constructing a dam as was the United States merely for the good of the public generally and not for profit, such person would not be an employer because of

the exemption of "employment which is not carried on by the employer for the sake of pecuniary gain." As to this first ground, the instant case may be distinguished in that under the language of our workmen's compensation law and the decisions construing it, the defendant comes within the definition of employer. The second ground of decision is stated as follows on page 768: "If we take the facts here as defendant's answers to interrogatories pictured them, defendant was not actually building or constructing the dam itself. It had let a contract to general contractors for that purpose. With that state of facts in mind, we find the Idaho Act, and the decisions construing it, a conclusive reason why the United States, or a private person in its position, could not be an 'employer' under the Act." The decisions of the Supreme Court of Idaho in *Moon* v. *Ervin,* 64 Idaho 464, 133 P. (2d) 933, and *Gifford* v. *Nottingham,* 68 Idaho 330, 193 P. (2d) 831, are cited in support of this position. *Moon* v. *Ervin* decided that a physician who had let a contract for the construction of a residence on land owned by him was not a statutory employer of an employee of the contractor because he was not the proprietor or operator of the business there carried on. It is to be noted in that case that the owner of the land was a physician and the construction of a residence was not his business. Here the construction of the tunnel is a business of the defendant. *Gifford* v. *Nottingham* involved the liability of a general contractor for the death of an employee of a subcontractor. The question of the liability of the municipality which had awarded the contract to the general contractor was not directly involved. However, we need not inquire whether the court of appeals rightly or wrongly construed the law of Idaho. This court has in *Re Ichijiro Ikoma, supra,* and *Uyeno* v. *Chun Kim Sut, supra,* construed the applicable statute contrary to the construction given to Idaho law by the court of appeals. In *Stain-*

*back* v. *Mo Hock Ke Lok Po,* 336 U. S. 368, at page 383, the Supreme Court of the United States recognized that "territorial like state courts are the natural sources for the interpretation and application of the acts of their legislatures * * *." See also *Brodhead* v. *Borthwick,* 174 F. (2d) 21, where it is stated, at page 23, " 'The construction placed (by the Hawaiian Supreme Court) upon the Hawaiian statute, unless manifestly erroneous, must be accepted as correct.' "

The order of the circuit court denying the defendant's motion to dismiss plaintiffs' complaint is reversed and the case is remanded to the circuit court for the latter to enter an order dismissing the action.

*Albert W. Evensen,* Deputy City and County Attorney (*James M. Morita,* Special Counsel for City and County of Honolulu, on the opening brief; *Norman K. Chung,* City and County Attorney, with him on the reply brief), for appellant.

*Myer C. Symonds* (*Bouslog & Symonds* on the brief) for appellees.