RAFAEL A. CORPUZ AND CLARA Y. S. CORPUZ v. THE HAWAIIAN ELECTRIC COMPANY, LIMITED, A HAWAII CORPORATION.

No. 4395.

January 15, 1965.

Tsukiyama, C.J., Cassidy, Wirtz, Lewis and Mizuha, JJ.

*Per Curiam.* Plaintiffs-appellants Rafael A. Corpuz and Clara Y. S. Corpuz appeal from a summary judgment in favor of defendant-appellee, Hawaiian Electric Company, Limited.

The facts on which the lower court granted summary judgment to defendant are insufficient for this court to determine whether or not the defendant was the employer,

within the definition of employer in R.L.H. 1955, § 97-1.[1] See *Re Ichijiro Ikoma,* 23 Haw. 291; *Uyeno* v. *Chun Kim Sut,* 31 Haw. 102; *Wright Minors* v. *City & County,* 41 Haw. 603, where this court determined under definite factual situations that the defendant-owner of the premises and operator of the business was the statutory employer.

On the basis of the present record, all that appears in connection with the work being performed under the alleged independent contract is that defendant-appellee's electric plant was undergoing alteration and remodeling when plaintiff-appellant, Rafael A. Corpuz, sustained injury. It is our view that in the light of the cases above cited, this was not enough of a factual showing to enable the trial court to properly determine whether defendant-appellee was the statutory employer under section 97-1. Absent a more complete factual showing, defendant-appellee was not entitled to a summary judgment as a matter of law.

Plaintiffs-appellants urge that the three aforementioned cases are unsound and should be overruled. However, having considered the cases, we decline to do so.

Further, appellants' contention that the 1963 amendment to R.L.H. 1955, § 97-1 constituted a legislative construction of prior law is without merit.[2]

---

[1] " 'Employer,' unless otherwise stated, includes any body of persons, corporate or unincorporated, public or private, and the legal representative of a deceased employer. It includes the owner or lessee of premises, or other person who is virtually the proprietor, or operator of the business there carried on, but who, by reason of there being an independent contractor, or for any other reason, is not the direct employer of the workmen there employed. If the employer is insured it includes his insurer as far as applicable."

[2] The legislature amended R.L.H. 1955, § 97-1. omitting from the definition of "employee" the language of the second sentence contained in footnote 1 and adding to the definition of employee, the following:

"Whenever an independent contractor undertakes to perform work for another person pursuant to contract, express or implied, oral or written, such independent contractor shall be deemed the employer of all employees performing work in the execution of the contract, including employees of his subcontractors and their subcontractors. * * *"

290

Reversed and remanded for further proceedings.

*Greenstein, Yamane & Cowan* (*Hyman M. Greenstein*) for plaintiffs-appellants.

*Anderson, Wrenn & Jenks* (*Richard E. Stifel*) for defendant-appellee.