DOUGLAS LAWRENCE *v.* MASAMI YAMAUCHI,
TOSHIO ANSAI, SHIGERU KUBOTA, JOHN DOE I,
JOHN DOE II, JOHN DOE III, AND ROE CORPORATION.

No. 4671.

APRIL 4, 1968.

RICHARDSON, C.J., MIZUHA, MARUMOTO, ABE, JJ.,
AND CIRCUIT JUDGE YASUTAKA FUKUSHIMA IN
PLACE OF LEVINSON, J., DISQUALIFIED.

OPINION OF THE COURT BY MIZUHA, J.

Plaintiff-appellant, Douglas Lawrence, a plasterer's helper, was injured on February 21, 1963, while he stood on the ground floor of the Waikiki Circle Hotel, a hotel building under construction, when a five-pound plumb bob was dropped on his head and shoulder by defendant-appellee Shigeru Kubota from the twelfth floor. At the time of this injury, plaintiff was employed by Okazaki & Sugai Plasterers, Inc., a plastering subcontractor, and was engaged in his employment in the construction of the Waikiki Circle Hotel. Defendants-appellees Yamauchi and Ansai, dba Town Construction Company, were the general contractors constructing the Waikiki Circle Hotel at the time of plaintiff's injury, and defendant Shigeru Kubota was an employee of defendants Yamauchi and Ansai.

The questions for decision in this case are, first, whether

plaintiff-appellant, as an employee of a subcontractor, has a right to maintain a common law action for negligence against defendants-appellees Yamauchi and Ansai, dba Town Construction Company, the general contractors; and second, whether plaintiff, as an employee of the subcontractor, has a right to maintain a common law action for negligence against defendant-appellee Kubota, an employee of the general contractor.

The trial court concluded as a matter of law, that under § 97-1, R.L.H. 1955, as it existed at the date of plaintiff's injury on February 21, 1963, that "defendants Yamauchi and Ansai were the statutory employers of the plaintiff," and that "defendant Kubota was a statutory employee of defendants Yamauchi and Ansai," and presumably a statutory co-employee of the plaintiff under § 97-10, and therefore, granted defendants' motion for summary judgment. We reverse.

The pertinent statutes applicable to the issues of this case are § § 97-1, 97-7, and 97-10 which read as follows on February 21, 1963:

"§ 97-1. * * *

" 'Employer,' unless otherwise stated, includes any body of persons, corporate or unincorporated, public or private, and the legal representative of a deceased employer. It includes the owner or lessee of premises, *or other person who is virtually the proprietor, or operator of the business there carried on,* but who, by reason of there being an independent contractor, or for any other reason, is not the direct employer of the workmen there employed. If the employer is insured it includes his insurer as far as applicable." (Emphasis added.)

"§ 97-7. Right to compensation exclusive; * * *. The rights and remedies herein granted to an employee on account of a personal injury for which he is entitled to compensation under this chapter shall exclude all other rights and remedies of the employee, his personal representatives, dependents or next of kin, at common law or otherwise, on account of the injury."

"§ 97-10. Liability of third persons. When an injury or death for which benefits under this chapter are payable has

been sustained under circumstances creating in some person other than the employer a legal liability to pay damages in respect thereto, the injured employee or his dependents (in this section referred to as the 'employee') may claim benefits under this chapter and proceed against that other person to recover all damages proximately resulting from such injury or death."

\*　　　\*　　　\*　　　\*　　　\*

"Nothing herein contained shall permit an action by the employee against another employee of the same employer where the injury is caused by the other employee while in the course of the employment, except where the injury is caused by the wilful or wanton misconduct of such other employee."

The facts of this case indicate that the provisions of § 97-1 on the date of the injury to the plaintiff does not grant immunity to the general contractor from a suit based on negligence by an employee of the general contractor's subcontractor. Contrary to the findings of the trial court that "at the time of the injury the only business being conducted at said location was the construction business," we are of the opinion that defendants Yamauchi and Ansai were not the operators of the business carried on at the Waikiki Circle Hotel premises within the meaning of § 97-1. *See Ikoma* v. *Oahu Sugar Co.,* 23 Haw. 291 (1916) ; *Uyeno* v. *Chun Kim Sut,* 31 Haw. 102 (1929) ; *Wright Minors* v. *City & County,* 41 Haw. 603 (1957) . Defendants Yamauchi and Ansai are not the statutory employers of the plaintiff within the meaning of § 97-1.

Plaintiff's right to workmen's compensation against his employer, Okazaki and Sugai Plasterers, Inc., under § 97-7, R.L.H. 1955, does not exclude all other rights and remedies plaintiff may have against others for his injury, including a general contractor or another subcontractor engaged in the construction of the Waikiki Circle Hotel, or their employees.

Since the trial judge was in error as to his legal conclusion that defendants Yamauchi and Ansai were plaintiff's "statutory employer" as to render them immune from a negligence suit by

plaintiff, it necessarily follows that his conclusions that defendant Kubota employed by defendants Yamauchi and Ansai, is a "statutory employee," and therefore a co-employee of the plaintiff under the provisions of § 97-10, R.L.H. 1955, is also erroneous.

Hence, § 97-10, R.L.H. 1955, which grants an employee the right to proceed against any person other than the employer to recover all damages proximately resulting from such injury or death, specifically authorizes a negligence suit as filed herein by the employee of the subcontractor against the general contractor, defendants Yamauchi and Ansai, and the general contractor's employee, defendant Kubota.

Reversed and remanded for an order vacating the judgment.

*Martin Anderson* and *George W. Ashford, Jr. (Anderson, Wrenn & Jenks,* of counsel) for plaintiff-appellant.

*Alexander C. Marrack (Robertson, Castle & Anthony,* of counsel) for defendants-appellees.

---

### DISSENTING OPINION OF MARUMOTO, J.

I dissent. The cases of *Ikoma* v. *Oahu Sugar Co.,* 23 Haw. 291 (1916); *Uyeno* v. *Chun Kim Sut,* 31 Haw. 102 (1929); *Wright Minors* v. *City & County,* 41 Haw. 603 (1957), cited in the opinion of the court, do not support the proposition that defendants Yamauchi and Ansai were not the operators of the business carried on at Waikiki Circle Hotel premises on February 21, 1963, the date of plaintiff's injury, within the meaning of R.L.H. 1955, § 97-1, as it existed on that date. The holding in each of those cases was that the owner or lessee of the premises where the injury occurred was a statutory employer of an injured employee of a subcontractor because such owner or lessee was the proprietor or operator of the business there carried on. The question as to whether a general contractor doing construction work for the owner of the premises where the work was being done was the proprietor or operator of the business there carried on was not an issue in any of those cases. That question had not been presented squarely to this court prior to the instant case.

In *Tomondong* v. *Ikezaki*, 32 Haw. 373 (1932), where Ikezaki, a general contractor had a contract for the construction of a house for the owner of the land and the contract included the preparation of the ground for that purpose, this court stated, at page 377: "It is manifest that the only business that was being carried on upon the premises at the time of claimant's injuries was that of preparing a piece of unoccupied ground for the erection of a house thereon. It is also manifest that the sole owner and operator of this business was Ikezaki." This statement was dictum because the ultimate holding in the case was that the claimant was not an employee of the subcontractor but a partner of the subcontractor and as such was not entitled to compensation. However, I think it represents a correct interpretation of the statutory language. The definition of employer contained in § 97-1, as it existed at the time of plaintiff's injury, embraced not only the owner or lessee of the premises who was the proprietor or operator of the business there carried on, but also "other person who is virtually the proprietor, or operator of the business there carried on." Two other jurisdictions use identical language, as § 97-1 mentioned here, in defining statutory employer. They are Idaho and Vermont. In both of these jurisdictions a general contractor doing construction work for the owner of the land on which the work is being done is held to be a statutory employer of an employee of a subcontractor. *Gifford* v. *Nottingham*, 68 Idaho 330, 193 P.2d 831 (1948); *Packett* v. *Moretown Creamery Co.*, 91 Vt. 97, 99 Atl. 638 (1917).