This proceeding was instituted by Myra Fisk before the Industrial Accident Board of the state of Idaho against the Bonner Tie Company and the State Insurance Fund as surety to recover compensation under the Workmen's Compensation Act for the death of her husband, Arthur N. Fisk. The matter was submitted to a *Page 306 
board of arbitration organized as provided by statute. The board of arbitration made an award. On review the Industrial Accident Board vacated and set aside the award and dismissed the application. On appeal to the district court the action of the Industrial Accident Board was set aside and the court remanded the matter to the Industrial Accident Board with orders to confirm and approve the award of the arbitrators and allow compensation to the claimant. From this judgment this appeal is taken.
The undisputed facts are that the Bonner Tie Company entered into a contract with one Derthick to haul ties and white pine match stock from its mill to the railroad. He was to receive 10 cents per tie and $3 per thousand for the match stock. Derthick employed one Danielson to do the hauling for $10 per day. On February 4, 1919, Danielson procured Arthur N. Fisk to drive his team for him, under his agreement with Derthick, and while so doing and on the same day Fisk met with the accident which resulted in his death. It is admitted that the accident arose out of and in the course of this employment. The respondent herein is the widow of said Fisk and the sole claimant.
Appellant assigns as error the lower court's action in setting aside the findings and award of the Industrial Accident Board and in remanding the matter to the Industrial Accident Board with orders to confirm and approve the award of the arbitrators, and allow compensation to the claimant.
The question presented by this appeal is whether or not Fisk, at the time of the injury resulting in his death, was an employee of the Bonner Tie Company within the meaning of the Workmen's Compensation Act.
Respondent contends that Fisk was an employee of the company by reason of C. S., sec. 6320, which reads as follows:
"`Employer' unless otherwise stated, includes any body of persons, corporate or unincorporated, public or private, and the legal representative of a deceased employer. It includes the owner or lessee of premises, or other person who is virtually the proprietor or operator of the business there carried *Page 307 
on, but who, by reason of there being an independent contractor, or for any other reason, is not the direct employer of the workmen there employed. If the employer is secured it includes his surety so far as applicable."
Appellants contend that this section would apply only to a case in which a contractor came into the mill and performed his duties there. We cannot agree with this construction. The test under this section is whether the one for whom the work is done is virtually the proprietor or operator of the business carried on. Appellants also contend that appellant, Bonner Tie Company, is engaged in the business of manufacturing ties and match stock, and that hauling the same to the railroad was not a part of the company's business. We conclude this contention is without merit. The company is engaged in the manufacture of ties and match stock but a part of its business is the sale of its products. The evidence shows that the hauling to the railroad was a necessary incident to the sale of the ties and match stock. We conclude the company was the proprietor or operator of the business carried on at the place of the accident within the meaning of the statute.
In O'Boyle v. Parker-Young Co., 95 Vt. 58, 112 Atl. 385, upon similar facts, and under an identical statute the court said:
"It was the evident intention of the Legislature to make the person or persons, company or corporation, that for practical purposes was the proprietor or operator of the business being carried on, the employer, as the word is used in the statute, though not actually the employer of the workmen by reason, among others, of there being an independent contractor who was the direct employer. Under the provisions of the statute quoted, the true test is, Did the work being done pertain to the business, trade, or occupation of the defendant, carried on by it for pecuniary gain? If so, the fact that it was being done through the medium of an independent contractor would not relieve the defendant from liability." *Page 308 
Appellant contends that the rule of independent contractor as applied in negligence cases is applicable to cases under the Workmen's Compensation Act, and that when the workman is employed by an independent contractor, no recovery can be had against the procurer of the work. Under our statute and the rule in the Vermont case, supra, which we approve, the doctrine of independent contractor does not apply to the present case. In McDowell v. Duer, 78 Ind. App. 440, 133 N.E. 839, the supreme court of Indiana held that the doctrine of "independent contractor" is peculiar to the law of negligence, and has no proper place in the law of workmen's compensation. The compensation act makes it clear that every phase of the controversy is withdrawn from the operation of the common-law rules. (C. S., sec. 6214.) The intent is that every industrial workman, or his dependent heir, is entitled to recover compensation for injury or death occurring in the course of his employment from the industry for which he was working at the time of the accident. Decisions from other states are of little assistance unless the statutory provisions are identical with or similar to our own. The cases cited by appellant are not in point here because some of them construe statutes different from our own and in the others the work was separate and distinct from the regular business carried on by the party for whose benefit it was done.
Under our statute the proprietor of a business and his surety may be liable for injury to a workman even though he is employed by and works under the direction of an independent contractor, provided the work being done at the time of the injury is a part of the particular business carried on by the proprietor. If Derthick had been operating an independent transfer business, then Fisk, or his dependent, would have had to look to Derthick for compensation. But the facts show that Derthick was not carrying on an independent business, but was engaged exclusively in hauling the appellant company's ties and match stock to the railroad. The work was a part of the company's business necessary to the sale of its products. Danielson was an employee of the company *Page 309 
within the meaning of the statute, and Fisk, who took Danielson's place temporarily, stepped into his shoes and had the same status. We conclude that Fisk was an employee of the company within the meaning of the statute.
In 1921 the legislature added to the workmen's compensation law another section reading as follows:
"Sec. 6287A. Contractors and Sub-Contractors. An employer subject to the provisions of this Act, shall be liable for compensation to an employee of a contractor or sub-contractor under him or who has not complied with the provisions of section 6278 in any case where such employer would have been liable for compensation if such employee had been working directly for such employer. The contractor or subcontractor shall also be liable for such compensation, but the employee shall not recover compensation for the same injury from more than one party. The employer who shall become liable for and pay such compensation may recover the same from the contractor or sub-contractor for whom the employee was working at the time of the accident. Section 6287A shall be in force as to all contracts made subsequent to March 15, 1921." (Sess. Laws 1921, chap. 217, sec. 19, p. 481.)
It is conceded that this section does not apply to this case. However, appellants argue that the express provisions of this new section in regard to the liabilities of independent contractors bear out their construction of the original section. (C. S. 6320.) We regard this contention as unsound for the following reasons. The new section does not purport to amend the old. It was passed by a different session of the legislature. If it be contended that the new section throws light upon the construction of the old, the obvious answer is that a succeeding session of the legislature cannot place a construction upon a statute passed by an earlier session which would be binding upon the court. In truth we see no conflict between the two sections. According to our interpretation C. S., sec. 6320, makes the proprietor of the business liable for injury to an employee of an independent contractor who is engaged in work connected with the business *Page 310 
of the proprietor. The new section 6287A makes both proprietor and contractor liable and then provides that the proprietor, if he pays, may recover from the contractor. The liability of the proprietor is established by the old section, without the help of the new, but the new section contains some additional provisions.
The judgment is affirmed, with costs to respondent.
William A. Lee and Win. E. Lee, JJ., concur.