(No. 7032. February 5, 1943.)

S. RAY MOON, Claimant, Appellant, v. TIM ERVIN, Employer, Cross-Appellant, and HOME LUMBER & COAL CO., a corporation; STATE INSURANCE FUND, Surety; MAY ERVIN and DR. EUGENE SCHREIBER, Respondents.

[133 Pac. (2d) 933.]

Rehearing denied March 1, 1943.

E. B. Smith and Hugh N. Caldwell for appellant.

F. W. Jarvis and Walter Griffiths for cross-appellant.

Frank L. Benson for respondent, State Insurance Fund, and Robert I. Troxell and Elam & Burke for respondent, Home Lumber & Coal Co.

Smith & Ewing for respondent, Dr. Eugene Schreiber.

DUNLAP, J.—In June, 1940, Dr. Eugene Schreiber, one of the respondents, and cross-appellant, Tim Ervin, entered into and signed a written contract whereby the cross-appellant agreed to erect for Dr. Schreiber a residence in Caldwell. This agreement, together with the attached specification, had been prepared by respondent Home Lumber & Coal Co., a corporation (for brevity hereinafter referred to as Company), as had also the plans for the building.

Appellant Moon was employed by Ervin, with others, as a laborer on the construction job, and there is no evidence that he, or the other laborers, received instructions or directions from anyone other than from Ervin, or that any of the respondents in this case had the right of control over Moon. He was under the sole control of Ervin. The essential element of the relationship of employer and employee is the right of control. (35 Am. Jur., p. 445, Sec. 3.)

On August 7th, 1940, while working on the roof of the building, and due to the breakdown of supporting appliances upon which he was working, appellant fell to the ground, and sustained severe injuries which rendered him permanently and totally disabled for work.

On May 31, 1941, appellant executed a claim in writing against Ervin, and filed the same in the office of the Industrial Accident Board on June 3, 1941.

On application of Ervin, the board by order made the Company and its surety, State Insurance Fund, parties to

the proceeding, and later, on application, also made respondents Dr. Schreiber and May Ervin, the wife of the cross-appellant, parties.

Cross-appellant Ervin had not complied with the provisions of Sec. 43-1601, I. C. A.

In the award, the board denied and dismissed appellant's claim against respondents Home Lumber & Coal Co., State Insurance Fund, May Ervin and Dr. Eugene Schreiber, and awarded compensation in favor of appellant Moon, and against cross-appellant Ervin, holding that he alone was liable for compensation for the injuries sustained. The appeal is from that decision.

We will first dispose of the claim as against respondent Schreiber.

We believe the board's action in dismissing this claim as against Dr. Schreiber, was proper. Appellants argue the doctor was an employer of Moon under the provisions of Sec. 43-1806, I. C. A. We do not think so. While it is true he was the owner of the premises upon which the building was being constructed, he was not the proprietor or operator of the business there being carried on, i. e., construction of a dwelling. This section includes in its definition as an employer the owner or lessee of premises or other person who is virtually the proprietor of the business there carried on, and who is not the direct employer of the workmen there employed. If it is sought to hold one as an employer in a situation of this kind, it must be shown that such person was the proprietor or operator of the business there carried on. (*Palmer v. J. A. Terteling & Sons.*, 52 Ida. 170, 16 P. (2d) 221; *Jones v. Packer John Mines Corp., et al*, 60 Ida. 653, 95 P. (2d) 572; In re Fisk, 40 Ida. 304, 232 P. 569.)

Appellant Moon, in support of his contention that Dr. Schreiber was his employer, cites *Heibert v. Howell,* 59 Ida. 591, 85 P. (2d) 699, and *Modlin v. Twin Falls Canal Co.,* 49 Ida. 199, 286 P. 612, but those cases are not in point on the facts which we meet here on this question.

In the case of *Heibert v. Howell,* supra, the court said:

"The proceeding here was brought under Sec. 43-1611, I. C. A."

This section makes an *employer* who is subject to the provisions of the act, liable for compensation to an employee of a contractor or sub-contractor under him, etc.

As stated above, respondent Screiber was not an employer. He had not the power of control of either Ervin or his employees.

In the case of *Modlin v. Twin Falls Canal Co.*, supra, liability of the canal company was based on said Sec. 43-1611. Clear Lake Syndicate made arrangements with the Canal Company to rent certain equipment, and to pay the wages of Modlin and other workmen in the operation thereof. Modlin was injured in the course of this work. The court said:

"The fact remains that claimant was working, and working for the Canal Company."

As stated in the opinion, Modlin could have recovered from either the Syndicate or from the Canal Company, and had the Syndicate been required to pay, it had the right of recovery from the Canal Company. This section makes an *employer* not only liable to an employee of a contractor or sub-contractor, but also places liability for compensation on the contractor and the sub-contractor. Dr. Schreiber was neither, under the facts in this case.

The contract for the building, between Schreiber and Ervin, contained a clause to effect that the contractor was required to maintain insurance to protect him from claims under the Workmen's Compensation Act, and for certificates of such insurance to be filed with the owner if he so required, which should be subject to his approval for adequacy of his protection. It is admitted in this case, that Dr. Schreiber did not enforce this provision of the contract. It is urged on the part of appellant Moon that the failure in this respect created a secondary liability for compensation on the part of respondent Schreiber, and he thus assumed liability for compensation to Moon. However, under our workmen's compensation law, before liability may be imposed, the person sought to be held liable must be an employer as defined by Sec. 43-1806, I. C. A., or Sec. 43-1611, I. C. A. As has been stated, respondent Schreiber was not an employer within the provisions of Sec. 43-1806, I. C. A., or Sec. 43-1611, I. C. A., and in view of the fact that he was not a contractor or sub-contractor, neither can liability be based on that ground, under Sec. 43-1611, I. C. A.

Supporting his contention that the failure of Schreiber to exact a certificate of compensation insurance from Ervin

operated to fix Schreiber's liability to him for the injuries sustained, Moon cites *Artificial Ice & Cold Storage Co. v. Waltz,* (Ind.) 146 N. E. 826. However, it appears from the Indiana law then in effect liability in such cases was fixed by statute. Therefore, the decision is not authority on this point, since such liability does not exist under the Idaho law.

Appellant Moon also cites the case of *Brown v. St. Joseph Lead Co.,* 60 Ida. 49, 87 P. (2d) 1000, as authority for the proposition that Schreiber, as an employer, was liable for the compensation because of his failure to exact of the contractor Ervin, compensation coverage. We cannot agree with appellant's contention as to the holding in that case. The persons there held liable for the compensation were employers as defined by our workmen's compensation law. That is the test. (In re Fisk, supra, *Jones v. Packer John Mines Corp., et al,* supra.)

The action of the board in dismissing the proceeding as against respondent May Ervin, is not seriously questioned. The remaining question for consideration then, is whether or not the board erred in failing to award compensation as against the Company and its surety. The appellant Moon and cross-appellant Ervin have urged the existence of relationship of joint adventure between cross-appellant Ervin and the Company, in the construction of the dwelling, and that both joint adventurers occupy the position of employers in the same relationship as members of a co-partnership.

Briefly, the evidence on this question shows most of the materials for the construction were supplied by the Company. Ervin furnished the labor. Ervin had no interest in the profits made on the sale of the materials, and the Company had no interest in the profits made by Ervin on the labor. It is true the Company was active in assisting Ervin in obtaining this contract. It conferred with the owner as to the type of building required; it drew the plans and specifications; it advanced to Ervin during the course of construction the sum of $1,000.00 for payment on labor bills; it figured the cost of materials which went into the bid. When it appeared the shingling of the dormer did not meet requirements of the agency financing the construction, and it was necessary to reconstruct this portion of the work, the Company donated without cost to Ervin or to the owner, the necessary materials therefor.

Ervin paid for the extra labor. These activities did not constitute the Company a joint .adventurer with Ervin, nor did they make Ervin an independent contractor of the Company. The profit from the .building, if any, was several and not joint.

A similar situation existed in the case of Warr Lumber Co., et al, v. Henry, et al, (Okla.) 112 P. (2d) 358, and the Oklahoma Court, quoting from its former decision of *Commercial Lumber Co. v. Nelson,* 181 Okla. 122, 72 P. (2d) 829, said:

"The profit accruing, however, must be joint and not several, otherwise every person, firm or individual who furnished material or supplies or performed work or labor in connection with the enterprise might be termed joint adventurers therein, whether they had any such intention or not."

A profit jointly sought in a single transaction is the chief characteristic of a joint adventure. (*Commercial Lumber Co. v. Nelson* (Okla.) 72 P. (2d) 829; *E. D. Bedwell Coal Co. v. State Ind. Comm.* (Okla.) 157 Okla. 227, 11 P. (2d) 527.)

In this case the Lumber Company assumed none of the burdens and was in no way responsible for the construction of the building. It had no voice in the management and no control in any way over Ervin in carrying on the 'work. As far as it was concerned, the enterprise was that of Ervin's, and his alone. Moreover, a mere agreement to share in profits, of itself constitutes neither a partnership nor a joint adventure. There must be other facts, showing that relationship to have been the intention of the parties, or such as to estop a denial of it as against third parties. (*Palmer v. Maney,* 45 Ida. 731, 226 P. 424.)

The doctrine of estoppel is not involved here, since there is no evidence that the Company by its acts or conduct ever induced or attempted to induce anyone to believe it was the employer or had any interest in the work of constructing this dwelling, or evidence that it in any way attempted to, or had the right to control such work. (27 Am. Jur., p. 484, sec. 4.) There is no evidence of any intent of these parties to form such a relationship.

Moon urges a right to recover from "the industry" regardless of the question of fault, and under this theory it is sought to hold the Company and its surety liable, it

being contended the Company and its surety in this case would constitute "the industry" and our workmen's compensation act created an entity out of the industry and charges to the industry all losses sustained by injury to workmen as a result thereof, in the course of their employmen from whatever cause, except wilfullness or intoxication.

Appellant directs our attention to Secs. 43-1604 and 43-1719, I. C. A., providing for the collection of penalties and any funds due the State Insurance Fund, and to the provisions in the section first referred to for the payment of the sums collected thereunder to the Industrial Administration Fund, and to the provision of the second section for the payment of the funds collected thereunder to the State Insurance Fund, and it is suggested the enforcement of these provisions would in effect, result in the purchase of insurance for Ervin's employee Moon, and the State Insurance Fund, surety in this case, would thereby collect premiums to which it was entitled under the law, and would, in effect, sustain no loss.

Sec. 43-1719, I. C. A., makes the employer liable only for premiums and penalties due the State Insurance Fund. Ervin was not insured by this fund. Therefore, there would be nothing due the fund from Ervin under this section.

The use of the funds paid into the Industrial Administration Fund is earmarked by Sec. 43-1309, for payment of expenses of the Industrial Accident Board.

It will thus be seen that payments under neither of these sections would be applicable toward the payment of insurance premiums.

We do not believe such construction of the Workmen's Compensation Act is warranted under the law. The act does not contemplate payments to an injured workman to be made by the State Insurance Fund unless his employer is insured with the fund. (Secs. 43-1001, 43-1101, 43-1110, 43-1112, and 43-1611, I. C. A.)

While this court is committed to the rule of liberal construction of the compensation act in favor of employees, (*Stover v. Washington County, et al*, 63 Ida. 145, 118 P. (2d) 63; *Olson v. Union Pacific Railroad Co.*, 62 Ida. 423, 112 P. (2d) 1005, and other cases there cited) it is fundamental that compensation under the law must be made to

depend upon the existence of the employer-employee relationship, as provided by Secs. 43-1806 and 43-1611, I. C. A.

The award of the board is affirmed. Costs to respondents.

Holden, C.J., Ailshie, Budge and Givens, JJ., concur.