Guenith Opal BEEDY and Cynthia Guen Beedy, by her next friend, Guenith Opal Beedy, Appellants,

v.

The WASHINGTON WATER POWER CO., a Corporation, Appellee.

No. 14893.

United States Court of Appeals Ninth Circuit.

Oct. 31, 1956.

Glenn A. Coughlan, Boise, Idaho, Thomas B. Payne, Wallace, Idaho, for appellant.

Paine, Lowe, Coffin, Ennis & Herman, Alan P. O'Kelly, Alan G. Paine, Spokane, Wash., McNaughton & Sanderson, Coeur d'Alene, Idaho, for appellee.

Before STEPHENS, FEE, and CHAMBERS, Circuit Judges.

STEPHENS, Circuit Judge.

This is an appeal from a summary judgment for the defendant-appellee in a negligence action. The plaintiffs, appellants here, are the widow and surviving child of George D. Beedy, who was electrocuted while assisting in the installation of an electric transmission line. Beedy was an employee of the Lewis Construction Company, who were acting as independent contractors of the Washington Water Power Co., in the replacement of electrical conductors from the Power Company's substation at Gov-

ernment Gulch to the substation Burke in the State of Idaho.

The complaint alleged that Beedy's death came about when he was assisting in installing a transmission line across and above a 13,000-volt electric power line which was owned, operated, and energized by the defendant-appellee Power Company; that the transmission line was attached to a winch on a truck and came into contact with the defendant's 13,000-volt power line which energized the transmission line which in turn carried a deadly charge to the truck with which Beedy was in contact, thereby electrocuting him. It was alleged that defendant-appellee was negligent in that (a) the defendant failed and refused to cut off the power on the 13,000-volt line prior to the accident; (b) that defendant failed to provide the deceased with a safe place to work; (c) that defendant failed and neglected to install proper safeguards and take proper precautions to prevent contact with its power line. After service of the complaint and before answer, a Motion to Dismiss was filed by the defendant Power Company. Interrogatories were submitted to defendant by plaintiff and after defendant answered the interrogatories, a hearing was had by the district court on the Motion to Dismiss. The Motion to Dismiss was denied by the court. The court, in denying the motion, stated that a dismissal would be proper if the Washington Water Power Company was an employer of the plaintiffs' deceased within the Idaho Workmen's Compensation Act. The court added:

> "* * * Moon v. Ervin, 64 Idaho 464 [133 P.2d 933, 935], states that: 'The essential element of the relationship of "employer and employee" is the right of control.' Also, ' "Under the provisions of the statute quoted, the true test is, Did the work being done pertain to the business, trade, or occupation of the

defendant, carried on by it for pecuniary gain? If so, the fact that it was being done through the medium of an independent contractor would not relieve the defendant from liability." ' Gifford v. Nottingham, 68 Idaho 330, 193 P.2d 831 [835], citing O'Boyle v. Parker-Young Co., 95 Vt. 58, 112 A. 385.

> "It appears to the Court *at this time* that there is no evidence in the record to determine these tests, and that these can only be determined on presentation of the case on its merits." [Emphasis supplied.]

Defendant Power Company thereafter answered the complaint denying that it was negligent; that plaintiff's suit was barred under the Workmen's Compensation Act because the Power Company was an employer within the meaning of that Act; that decedent Beedy was contributorily negligent; and that decedent had assumed the risk. Later the defendant Power Company filed a Motion for Summary Judgment supported by several affidavits. These affidavits in substance stated that the reconductoring of power lines was a part of the business of a power company and further that the defendant normally did this work but had it contracted out when they were unable to handle it.

Plaintiffs-appellants thereafter filed a Cross Motion for Summary Judgment, also filing an affidavit in support of the Motion.

A hearing was had before an Acting District Judge [1] on the motions for summary judgment and, after argument, the Acting District Judge in a Memorandum Decision held that no material issue of fact remained to be decided and granted the motion of defendant, and judgment was accordingly entered in favor of defendant. From the granting of defendant's motion, this appeal of the plaintiffs is taken.

1. Judge William Healy of the United States Court of Appeals for the Ninth Circuit was regularly designated to act as a district judge for the hearing in the United States District Court of this case.

## The Appeal

Plaintiffs-appellants argue that the trial court erred in finding that defendant-appellee was entitled to summary judgment as a matter of law because (a) the defendant Power Company was not the employer of the deceased under the Idaho Workmen's Compensation Act so as to preclude a common law action for negligence by plaintiffs; (b) that there was negligence of defendant shown by the records; (c) that the Cross Motion for Summary Judgment should have been granted; (d) and that they should have been allowed a jury trial as to issues of fact set up in the complaint, and that the issues of fact were improperly raised by defendant in its Motion and Affidavits to the effect that it was in business of repairing and constructing power lines.

We need only discuss whether defendant Power Company was an employer within the meaning of the Idaho Workmen's Compensation Act and whether it was proper for the district judge to grant the Motion for Summary Judgment after the earlier denial of the Motion to Dismiss by another judge.

Under the Idaho Workmen's Compensation Act, Idaho Code, §§ 72–101 to 72–1103, there are two classes of employers covered by the Act. One is the normal common law type of employer and the other is an employer as defined by the statute. Modlin v. Twin Falls Canal Co., 49 Idaho 199, 286 P. 612; Gifford v. Nottingham, 68 Idaho 330, 193 P.2d 831; Brewster v. McComb, Idaho, 300 P.2d 507, July 16, 1956. Employer is defined in the Idaho Act, § 72–1010 as follows:

"*Employer.*—'Employer,' unless otherwise stated, includes any body of persons, corporate or unincorporated, public or private, and the legal representative of a deceased employer. It includes the owner or lessee of premises, or other person who is virtually the proprietor or operator of the business there carried on, but who, by reason of there being an independent contractor, or for any other reason, is not the direct employer of the workmen there employed. If the employer is secured it includes his surety so far as applicable."

An employer within the meaning of the Idaho Workmen's Compensation Act is protected as against other action by an injured employee, since § 72–203 [2] of the Act provides that the rights and remedies of an employee against his employer for personal injury are confined to those provided by the Act which excludes all other rights and remedies of the employee, his dependents or next of kin. Gifford v. Nottingham, 193 P.2d 831; Kirk v. United States, 9 Cir., 1956, 232 F.2d 763. Therefore, if the district judge properly held that the Washington Water Power Company was an "employer" within the meaning of the Act, this common law action for negligence is barred and we need not discuss whether the issue of negligence should have been decided on its merits.

Appellee Power Company does not claim to be an "employer" as that word of art has been interpreted at common law, but claims that it is an employer defined by the statute as "the owner or lessee of premises, or other person who is virtually the proprietor or operator of the business there carried on, but who, by reason of there being an independent contractor, or for any other reason, is not the direct employer of the workmen there employed." Because of this claim we need not discuss, as urged by appellants, whether or not the Power Company had any "control" or "right of control" over Beedy, the deceased. The

---

2. § 72–203: "Right to compensation exclusive.—The rights and remedies herein granted to an employee on account of a personal injury for which he is entitled to compensation under this act shall exclude all other rights and remedies of such employee, his personal representatives, dependents, or next of kin, at common law or otherwise, on account of such injury. * * *" § 72–203, Idaho Workmen's Compensation Act.

issue of control is superfluous since "control" does not enter into the statutory definition of "employer" under which appellee claims.

The crucial question in the instant case is whether the Power Company was "the proprietor or operator of the business there carried on".

■ Appellants admit that the Power Company was the owner of the land where the death of Beedy occurred. But appellants argue that the Power Company was not the proprietor or operator of the *electrical reconductoring business* being carried on, on such premises. Appellants want us to read into the statutory words "the business there carried on" the qualification that the *particular* business there carried on must be *the* business the proprietor or lessee does for others for hire. In other words, appellants argue that in order to say the Power Company is an "employer" in the instant case, we must find that the Power Company was in the business of reconductoring transmission lines for others for pecuniary gain.

We find this contention without merit. To agree with appellants would be to void a vital part of the Act as passed by the Idaho Legislature. The purpose of the Act was to cover such a situation as presented by the instant case.

All that need be shown is that the employee was injured while performing work pertaining to the business, trade or occupation of the Power Company carried on by it for pecuniary gain. Fisk v. Bonner Tie Co., 40 Idaho 304, 232 P. 569; Gifford v. Nottingham, 193 P.2d 831; Kirk v. United States, 9 Cir., 1956, 232 F.2d 763. The Power Company was admittedly engaged in the manufacture, transportation, delivery, and sale of electricity. And the reconductoring of its transmission lines is not work separate and distinct from the regular business carried on by the Power Company.

Idaho cases cited by appellant are not controlling. Moon v. Ervin, 64 Idaho 464, 133 P.2d 933, held that a physician who owned a lot and let a contract to a builder for the erection of a residence thereon, was not an "employer" of a laborer hired by the builder to work on the construction. In that case, the physician was not in a "business" conducted on the lot. McGee v. Koontz, 70 Idaho 507, 223 P.2d 686, likewise is not in point, as the case was decided on the basis that the original owner who sold a mill was not a proprietor or operator of the business conducted thereon by the new buyer. The Iowa case of Glidden Rural Electric Co-op. v. Iowa Employment Security Commission, 236 Iowa 910, 20 N.W.2d 435, is also not in point, as it was there held that the building of electric transmission and distribution lines was not a part of the company's business. The court in Glidden, supra, pointed out that the "usual" business of the Power Company was the distribution of electricity *after* its primary lines had been constructed by independent contractors. The court applied a subjective test in the Glidden case as to what was the "usual business" of the company.[3] In the instant case the Washington Water Power Company normally generates, transports, delivers, and sells electricity. Furthermore, the Power Company in the instant case normally constructs and repairs its own lines and only contracts the work out when its own employees are unable to perform the work.

We are of the opinion that the reconductoring of transmission lines is a necessary and customary part of the business conducted by appellee Power Company. For analogous cases see: Williams v. Cities Service Gas Co., 139 Kan. 166, 30 P.2d 97; Eckmayer v. Newport,

---

3. We are inclined to agree with the dissenting opinion in the Glidden case, that the test of what is "usual" should not be a subjective test, but rather an objective test. To use a subjective test would enable an employer to avoid the Workmen's Compensation Act by delegating a part of its customary functions to an independent contractor, and thus escape liability.

Mo.App., 267 S.W.2d 379; Lessley v. Kansas Power & Light Co., 171 Kan. 197, 231 P.2d 239; Primm v. Kansas Power & Light Co., 173 Kan. 443, 249 P.2d 647; Sheahan v. Kansas Power & Light Co., 172 Kan. 399, 241 P.2d 515; Marchbanks v. Duke Power Co., 190 S.C. 336, 2 S.E.2d 825. See also: 50 A.L.R. 872, 105 A.L.R. 580, and 150 A.L.R. 1214.

■ We find without merit the contention of appellants that it was error for the district judge to grant defendant-appellee's Motion for Summary Judgment after the earlier denial of a Motion to Dismiss by another district judge. Appellants cite a *headnote* from Commercial Union of America, Inc., v. Anglo-South American Bank, Ltd., 2 Cir., 10 F.2d 937, for the proposition that the action of the Acting District Judge was improper. The Commercial Union case did stand for the general proposition that if a district judge denied a motion to dismiss a complaint, his decision was the "law of the case" and should not be upset by another district judge. But all the cases cited in the Commercial Union opinion refer to a subsequent decision by another judge on the *same facts and pleadings*. We also note that the recent case of Dictograph Products Company v. Sonotone Corporation, 2 Cir., 230 F.2d 131, February 2, 1956, expressly overrules the Commercial Union case and states that it is only a matter of discretion in certain instances whether or not a second judge wishes to defer to the decision of the first judge.

But in the instant case we have a further reason for holding that it was proper for the Acting District Judge to grant the Motion for Summary Judgment. The original district judge specifically stated in his denial of the Motion to Dismiss that it appeared to the court "*at this time*" that "there is no evidence in the record to determine these tests * * *." [Emphasis supplied.] After the motion to dismiss had been disposed of, an answer was filed by defendant, in which affirmative defenses were set up including the bar under the Workmen's Compensation Act. This defense would be complete, if the facts therein set up were true, irrespective of the question of negligence. Under like circumstances, this Court has held that the denial of a motion for summary judgment based upon a complaint alone did not establish the law of the case where a second motion for summary judgment was filed after an answer containing affirmative defenses had been put of record. Breeland v. Southern Pacific Co., 9 Cir., 231 F.2d 576. When the Acting District Judge was considering the Motion for Summary Judgment, he had before him affidavits of both parties which were submitted to the court *after* the original denial of the Motion to Dismiss. And in those affidavits there was no denial of the fact that the "business" involved in the accident had previously been carried on by the defendant-appellee Power Company. In fact the affidavits submitted by appellants did not deny that defendant was in the business of building power lines but only denied that the defendant was in the business of building power lines for others for profit. And, as we have previously stated, it need not be shown that the one particular activity involved was in itself being carried on for profit. It need be shown only that the activity was a necessary and important part of the commercial functions of the principal employer's business. The activity here involved was clearly an integral part of the main business of the Power Company.

We find no error in the action of the Acting District Judge in granting defendant-appellee's Motion for Summary Judgment.

Judgment affirmed.