212 So.2d 267 (1968)
Joseph Norman DOUCET, Plaintiff-Appellant,
v.
W. H. C., INC., et al., Defendants-Appellees.
No. 2353.
Court of Appeal of Louisiana, Third Circuit.
June 18, 1968.
Jacque B. Pucheu, Eunice, for plaintiff-appellant.
Davidson, Meaux, Onebane & Donohoe, by Robert L. Cabes, Lafayette, Holt & Woodley, by Edmund E. Woodley, Lake Charles, for defendants-appellees.
Before SAVOY, HOOD and LEAR, JJ.
SAVOY, Judge.
Joseph Norman Doucet, a roustabout in the employ of Ashy Construction Company, Inc., brought this action in tort against W. H. C., Inc., Donald "Don" Hebert, Tidewater Oil Company (hereinafter referred to as Tidewater), and four individual employees of Tidewater, to recover damages incurred when a gas line owned by Tidewater blew out with tremendous pressure resulting in Doucet's left arm being torn off below the elbow. At the time of the accident plaintiff was assisting with the repair of a salt water disposal pump located at a Tidewater well site referred to as Lacassine Well No. 2, situated in Cameron Parish, Louisiana.
The answers filed stated general denials of liability. Tidewater further averred that the repair of the pump was work which it had undertaken to execute and which was part of its trade, business or occupation; that the plaintiff was in the employ of Ashy Construction Company, employed in the execution of said work; that Tidewater or Ashy had in full force and effect at the time of the accident workmen's compensation insurance coverage covering the liability, if any, of Tidewater to plaintiff under the Louisiana Workmen's Compensation Act, and that plaintiff's *268 sole and exclusive remedy, if any, against Tidewater was under the Louisiana Workmen's Compensation Act.
Tidewater filed a motion for summary judgment contending that under LSA-R.S. 23:1061, plaintiff's exclusive remedy, if any, against Tidewater was under the Louisiana Workmen's Compensation Act, and that plaintiff had no right to sue in tort. From an adverse judgment plaintiff prosecutes this appeal, contending that the trial court erred in granting the motion for summary judgment in view of the fact that Tidewater's employees did not perform the type of work done by the plaintiff at the time he was injured, and that since the defense provided by LSA-R.S. 23:1061 was an affirmative defense, the defendant bore the burden of proving same, which it failed to do in the instant case.
LSA-R.S. 23:1061 provides that:
"Where any person (in this section referred to as principal) undertakes to execute any work, which is a part of his trade, business, or occupation or which he had contracted to perform, and contracts with any person (in this section referred to as contractor) for the execution by or under the contractor of the whole or any part of the work undertaken by the principal, the principal shall be liable to pay to any employee employed in the execution of the work or to his dependent, any compensation under this Chapter which he would have been liable to pay if the employee had been immediately employed by him; and where compensation is claimed from, or proceedings are taken against, the principal, then, in the application of this Chapter reference to the principal shall be substituted for reference to the employer, except that the amount of compensation shall be calculated with reference to the earnings of the employee under the employer by whom he is immediately employed.
"Where the principal is liable to pay compensation under this Section, he shall be entitled to indemnity from any person who independently of this Section would have been liable to pay compensation to the employee or his dependent, and shall have a cause of action therefor."
As reiterated time and time again, the fundamental purpose of the statutory liability of a principal to the employees of his subcontractor, under LSA-R.S. 23:1061, is to prevent principals from contracting out their work in order to evade liability for workmen's compensation benefits to employees actually utilized in the principal's trade, business or occupation. See Meche v. Farmers Drier and Storage Company (La.App., 3 Cir., 1967), 193 So.2d 807, and authorities cited therein.
It cannot be realistically contended that the work of the plaintiff was not a part of the trade, business or occupation of Tidewater at the time of the accident. The pleadings and depositions presented with the motion for summary judgment reveal that Tidewater was engaged in the production aspects of the oil and gas industry and for production of oil and gas certain well equipment must be installed, inspected and maintained, which equipment is certainly essential. It is not disputed that the salt water pump on the well on which plaintiff was working was a part of the equipment, and that it was being repaired so it could continue to perform an essential part of the production process.
Appellant places great reliance on the fact that in the area where the accident occurred Tidewater had no roustabouts on its payroll to perform the type work plaintiff was performing when the accident occurred. He contends that this almost conclusively shows that the work he was performing was not an integral part of the defendant's trade, business or occupation. The depositions reveal that Tidewater did keep two roustabouts on its permanent payroll in Houma, Louisiana, but the keeping of a roustabout crew in the Southwest part of Louisiana was not economically feasible *269 when comparing the expenses involved as to the usage of the crew.
For the foregoing reasons the judgment of the district court sustaining the motion for summary judgment is hereby affirmed, at appellant's costs.
Affirmed.