470 P.2d 409

Etta ADAM and Etta Adam as Guardian ad
Litem of the minor children, Floyd Duane
Adam, Jr., and Rita Louise Adam, Plain-
tiffs-Appellants,

v.

TITAN EQUIPMENT SUPPLY CORPORA-
TION, Defendant-Respondent.

No. 10462.

Supreme Court of Idaho.

June 15, 1970.

Lloyd J. Walker, Twin Falls, for plain-
tiffs-appellants.

Elam, Burke, Jeppesen, Evans & Boyd,
Boise, for defendant-respondent.

McFADDEN, Chief Justice.

This negligence action was instituted by
Etta Adam, plaintiff-appellant, individually
and as guardian ad litem of the minor chil-
dren of herself and her deceased husband,
Floyd Duane Adam. By her action against
the respondent Titan Equipment Supply
Corporation, appellant sought damages for
the death of her husband, allegedly caused
by the negligence of the respondent. The
respondent answered the allegations of the
complaint and by one of its affirmative de-
fenses alleged that under the provisions of
I.C. § 72–1010, the respondent was a statu-
tory employer of the decedent and that the
action should be dismissed.

Depositions and interrogatories with an-
swers were submitted to the court. Re-
spondent moved for summary judgment
which the trial court granted. It is from
the summary judgment that this appeal
was taken.

Early in the 1960's the United States
Government abandoned Titan Missile Site
C near Orchard, Idaho and placed the site
on the list for salvage. The Contractors
Rigging and Erection Company secured

salvage rights on this missile site, but later assigned these rights to the respondent Titan Equipment Supply Corporation. The missile site, which was surrounded by a ten-foot wire mesh fence topped with barbed wire, consisted of three missile silos, a command bunker, and various connecting underground tunnel works and storage areas. The missile silos were large, complex underground structures designed to house, raise and fire Titan missiles.

Respondent had complete control over access to this site and was in exclusive possession of the premises. It employed five workmen to salvage the various items of equipment at the site, and it had worked on salvaging all of the equipment for approximately five months. In September 1967 respondent, in order to facilitate the salvage and removal operation, entered into an agreement with one Roy Mays to assist in the operation. Under the terms of this agreement which, although unsigned was considered by the parties as controlling, Mays was to provide certain equipment and employees to salvage specified items and machinery from one of the silos. As compensation for his services Mays was to receive, with certain exceptions, the right to one-half of all items he dismantled and salvaged. Title to the salvage, however, remained in respondent until it had approved the removal of the salvage from the site.

Respondent had general supervision over the site, but did not supervise the details of how Mays or his employee were to remove the equipment and was only concerned with the end result. Respondent did not direct Mays or his employee in the details of their work.

The decedent, Floyd Duane Adams, was employed by Roy Mays to assist him in the salvage operation at the missile silo. Mays had obtained workmen's compensation insurance and was Adam's direct employer. On October 20, 1967, as Adam was engaged in dismantling a portion of the equipment at the site, the scaffolding on which he was standing collapsed and he fell, resulting in his tragic death.

The only assignment of error presented by this appeal is that the district court erred in "finding that the defendant was a statutory employer of the decedent Floyd Adam" and granting the respondent's motion for summary judgment. Counsel for the respective parties have in the main cited and discussed the same workmen's compensation cases in support of their respective positions. See In re Fisk, 40 Idaho 304, 232 P. 569 (1925); Pinson v. Minidoka Highway Dist., 61 Idaho 731, 106 P.2d 1020 (1940); Moon v. Ervin, 64 Idaho 464, 133 P.2d 933 (1943); McGee v. Koontz, 70 Idaho 507, 223 P.2d 686 (1950); In re Sines, 82 Idaho 527, 356 P.2d 226 (1960); Reedy v. Trummell, 90 Idaho 318, 410 P.2d 654 (1966); Clawson v. General Ins. Co. of America, 90 Idaho 424, 412 P.2d 597 (1966). The parties have also cited several cases involving tort claims which discuss the elements of the employer-employee relationship. See Gifford v. Nottingham, 68 Idaho 330, 193 P.2d 831 (1948); Beedy v. Washington Water Power Co., 238 F.2d 123 (9th Cir. 1956); Russell v. City of Idaho Falls, 78 Idaho 466, 305 P.2d 740 (1956); Merrill v. Duffy Reed Const. Co., 82 Idaho 410, 353 P.2d 657 (1960).

The sole issue for resolution in this case is whether respondent was an employer of the decedent. If the employer-employee relationship existed, the respondent was entitled to the summary judgment since an employer is exempt from tort liability for injuries sustained on the job by an employee. Proceedings under the workmen's compensation law are the exclusive remedy in such cases. I.C. § 72–203; Gifford v. Nottingham, supra; Russell v. City of Idaho Falls, supra.

The statute involved in this appeal is I. C. § 72–1010, which provides

"Employer.—'Employer,' unless otherwise stated, includes any body of persons, corporate or unincorporated, public or private, and the legal representative of a deceased employer. It includes the

owner or lessee of premises, or other person who is virtually the proprietor or operator of the business there carried on, but who, by reason of there being an independent contractor, or for any other reason, is not the direct employer of the workmen there employed. If the employer is secured it includes his surety so far as applicable."

From the record it is clear that respondent was not the direct employer of decedent. Respondent, although it had general supervisory authority over the entire project, had no control over the decedent in the customary sense of that word. The decedent was carried on Mays' payroll and received his instructions from Mays, his immediate employer, and not from respondent. I.C. § 72–1010, however, includes as an employer any person who is "the owner or lessee of premises, or other person who is virtually the proprietor or operator of the business there carried on * * *." This provision broadens the scope of the term "employer" beyond the common law meaning of that term. Gifford v. Nottingham, supra. The question, then, is whether respondent was a "statutory employer" under I.C. § 72–1010.

■ Larson in his treatise on Workmen's Compensation Law has provided certain tests for determining when one is a statutory employer under statutes similar to I.C. § 72–1010. First he notes that where the work which is performed is a regular and predictable part of the work generally done by a party's own employees, if the party contracts that work to a subcontractor or to an independent contractor he becomes the statutory employer of the subcontractor's employees. Second, Larson states that if a person is normally equipped with manpower and tools to do a job and nevertheless contracts it to another employer, he is the statutory employer of the second employer's employees. 1A Larson, Workmen's Compensation § 49.12 at 860, 867 (1967). See In re Fisk, supra. See also Pinson v. Minidoka Highway Dist., supra, and In re Sines, supra, each of

which involves a loaned employee. The basic concept underlying the tests mentioned by Larson is that statutes similar to I.C. § 72–1010 are designed to prevent an employer from avoiding liability under the workmen's compensation statutes by subcontracting the work to others. See Gifford v. Nottingham, supra.

In the case of In re Fisk, supra, the Bonner Tie Company hired Derthick to haul ties from its mill to the railroad. Derthick then hired Danielson, who in turn hired Fisk to do the work. Fisk was killed in the course of the work and his widow filed a workmen's compensation claim against Bonner Tie Company. In determining whether Bonner Tie Company was liable to Fisk's widow under the workmen's compensation law, this court stated:

"'[T]he true test [of whether one is a statutory employer] is, Did the work being done pertain to the business, trade, or occupation of the defendant, carried on by it for pecuniary gain? If so, the fact that it was being done through the medium of an independent contractor would not relieve the defendant from liability.'" 40 Idaho at 307, 232 P. at 570.

In Gifford v. Nottingham, supra, a case quite similar to the case at bar, a general contractor, Nottingham was engaged in the construction of a city sewer system. Nottingham subcontracted part of the work to subcontractors, Grayson and Horner, who employed Gifford. Gifford was killed as a result of the negligence of employees of the general contractor, and his parents instituted a tort action against the general contractor. In holding that Nottingham was a statutory employee of decedent and that the workmen's compensation law barred the action, this court stated:

"Nottingham as the principal contractor was the operator of the business being carried on, to wit, the construction of the sewer system. Earl Frank Gifford was engaged in a part of that business, although employed by a subcontractor under Nottingham. The word 'business'

must be given a broad meaning and interpretation under the principles of liberal construction of our workmen's compensation law. If Nottingham was not an employer within the meaning of the act, then Sec. 43–1806, I.C.A. [presently I.C. § 72–1010] is purposeless. Undoubtedly one object of the statute in making the operator of the business liable for workmen's compensation, was to afford full protection to workmen by preventing the operator or contractor avoiding liability under the workmen's compensation act by subcontracting work to others who might be irresponsible." 68 Idaho at 337, 193 P.2d at 835.

The appellants, however, strenuously argue that the key element of the employer-employee relationship is the right to control the activities of the employee and that since respondent could not and did not control the decedent, respondent was not his employer. Appellants rely heavily upon Moon v. Ervin, supra, to support this proposition. In that case a private individual, Dr. Schreiber, hired a contractor to construct a house. One of the contractor's employees was injured and brought proceedings under the workmen's compensation act against his employer, a lumber company and Dr. Schreiber, contending that Dr. Schreiber was one of the statutory employers. The board dismissed Dr. Schreiber and the lumber company. On appeal this court held that Schreiber was not an employer within the meaning of I.C. § 72–1010 because he was not the proprietor or operator of the business of building houses. The basis for the holding in Moon v. Ervin, supra, was not that Schreiber had no right to control Moon, but rather that Schreiber was not the operator or proprietor of the business.

Moon v. Ervin, supra, cannot be taken as authority for the proposition that control is an essential element of the statutory relationship of employer and employee. Under the statute that relationship ·exists, not by reason of any element of control, but simply because the statute establishes the relationship under the proper factual situation. It is true that control was an essential element of the employer-employee relationship at common law. 35 Am.Jur. Master and Servant, § 3, p. 445; Merrill v. Duffy Reed Const. Co., 82 Idaho 410, 353 P.2d 657 (1960). But as this court stated in Gifford v. Nottingham, supra, it was the purpose of I.C. § 72–1010 to broaden the relationship of employer-employee beyond what was recognized at common law. To require an element of control in the statutory relationship would be to give no effect to the statute whatsoever. As we pointed out in Gifford v. Nottingham, supra,

"The relation thus established is purely statutory. The legislature for the purpose of the compensation act created the relation of employer and employee between independent groups who never before had borne, and who do not now under the common law bear that relation to each other. It forces liability upon parties who are not in privity of contract." Gifford v. Nottingham, 68 Idaho at 337, 193 P.2d at 835.

In Beedy v. Washington Water Power Co., 238 F.2d 123 (9th Cir. 1956), the Washington Water Power Company was held to be immune from a tort action for the death of an employee of an independent contractor who had been hired to replace certain electrical conductors at the power company's substation. In rejecting the appellant's argument that the power company was not the decedent's employer since it had no control over him, the federal appellate court, in interpreting I.C. § 72–1010, stated:

"* * * we need not discuss, as urged by appellants, whether or not the Power Company had any 'control' or 'right of control' over Beedy, the deceased. ·The issue of control is superfluous since 'control' does not enter into the statutory definition of 'employer' under which appellee claims." 238 F.2d at 125–126.

Appellants also·rely upon Pinson v. Minidoka Highway Dist., 61 Idaho 731, 106 P.

2d 1020 (1940); Merrill v. Duffy Reed Const. Co., 82 Idaho 410, 353 P.2d 657 (1960); In re Sines, 82 Idaho 527, 356 P. 2d 226 (1960), and Reedy v. Trummell, 90 Idaho 318, 410 P.2d 654 (1966), for the proposition that control is an essential element of the employer-employee relationship. They argue that absent such control, respondent could not be considered as the employer in this case. Pinson v. Minidoka Highway Dist., supra, and In re Sines, supra, were both workmen's compensation proceedings in which the issue was whether the employee was a "loaned employee." Neither of these cases dealt with the issue of control in the statutory relationship of employer and employee. Merrill v. Duffy Reed Const. Co., supra, involved whether Merrill was an independent contractor or whether there was an employer-employee relationship between the parties under the common law standards. Reedy v. Trummell, supra, a workmen's compensation proceeding, was concerned with whether the workman was engaged in agricultural pursuits and whether the Bureau of Land Management was a statutory employer. This court held in that case that it was not a statutory employer since it was not the operator or proprietor of the business of plowing and seeding the land.

The cases relied upon by appellants fail to sustain their position. It is our conclusion that the respondent was the proprietor and operator of the business of dismantling and salvaging the missile silo and therefore was the statutory employer of the decedent. The present action is therefore barred by I.C. § 72–203, which provides

> "The rights and remedies herein granted to an employee on account of a personal injury for which he is entitled to compensation under this act [Workmen's Compensation Act] shall exclude all other rights and remedies of such employee, his personal representatives, dependents, or next of kin, at common law or otherwise, on account of such injury."

See also Gifford v. Nottingham, supra; Russell v. City of Idaho Falls, 78 Idaho 466, 305 P.2d 740 (1956).

The summary judgment is affirmed. Costs to respondent.

McQUADE, DONALDSON, SHEPARD and SPEAR, JJ., concur.