471 P.2d 550

Wilbur Lewis **MILLER**, Plaintiff-Appellant,

v.

**FMC CORPORATION**, a Corporation and Ruben L. Cooper and Gerald D. Cooper, doing business under the firm name and style of Cooper Brothers Construction Company, Defendants-Respondents.

**No. 10595.**

Supreme Court of Idaho.

June 25, 1970.

B. A. McDevitt, Warren S. Derbidge, Pocatello, for appellant.

Eberle & Berlin, Boise, for FMC Corporation.

Baum & Peterson, Pocatello, for Ruben L. Cooper and Gerald D. Cooper.

McQUADE, Justice.

This negligence action was commenced in the district court in January, 1969, by

plaintiff-appellant Wilbur Lewis Miller against defendants-respondents FMC Corporation and Ruben L. Cooper and Gerald D. Cooper, doing business as Cooper Brothers Construction Company. The respondents moved separately for summary judgment in the following May. The district court, in July, 1969, granted both of their summary judgment motions. The court concluded that there was no issue of material fact between the parties and that FMC and Cooper Brothers were statutory employers under I.C. § 72–1010. The court held, therefore, that appellant was precluded from bringing a negligence action by the Workmen's Compensation Statute, I.C. § 72–203,[1] and that he could only look to the Industrial Accident Board for his exclusive remedy. From the order granting respondents' motions for summary judgment, Miller has brought this appeal. The only questions before this Court are whether there were issues of material fact concerning Miller's status as a statutory employee of Cooper Brothers and FMC. We hold that there were not and affirm the district court's judgment.

Respondent FMC Corporation operates a large phosphate ore reducing plant in Power County, Idaho, approximately six miles west of Pocatello. In the spring of 1968, FMC determined that construction maintenance work should be performed on various buildings at that plant site. Respondent Cooper Brothers Construction Co. contracted with FMC to do this work. As the work progressed, FMC decided that certain holes in the walls of their #1 transformer vault, a building containing a substantial quantity of very high voltage and amperage electrical equipment, should be patched by masonry construction and not by reinforced concrete as originally planned. In order to have this and other masonry work done, Cooper Brothers orally contracted with one Ted Ricks, a mason, who in turn, employed appellant. The record discloses that FMC had Cooper Brothers do this repair work because they had no regular maintenance employees or facilities capable of doing it, and that neither Cooper nor FMC employed a person specially skilled as a mason.

Appellant stated that he was only under the direction of Ricks and Gerald Cooper and that he was not, at any time, "directed as to where to work, what to do, how to do it, or in any other manner" by FMC Corporation. Gerald Cooper, in his affidavit, asserted that Miller had come to him for directions and was generally under the control and direction of Cooper Brothers. Cooper further stated that, on the date of the accident, appellant had been directed in his work by Wendell Ransom, FMC's project engineer. Reinert Kvidahl, FMC's resident manager, in his answers to appellant's interrogatories, asserted that Wilbur Lewis Miller was subject to the control or direction of Cooper Brothers Construction Co. and his direct employer, Ted Ricks. Kvidahl also stated that Ransom had "pointed out some of the brick and pointing work which still remained to be done" on the morning of the accident, but that he had not indicated the precise work on the #1 transformer vault which appellant was performing when he was injured. Appellant denied having any knowledge of Wendell Ransom.

On the afternoon of April 26, 1968, Miller was doing the masonry patching work in the FMC #1 transformer vault. The electrical power which energized the #1 transformer was then on. The transformer had been energized at short intervals con-

1. "72–203. *Right to compensation exclusive.*—The rights and remedies herein granted to an employee on account of a personal injury for which he is entitled to compensation under this act shall exclude all other rights and remedies of such employee, his personal representatives, dependents, or next of kin, at common law or otherwise, on account of such injury.

"Employers, who hire workmen within this state to work outside of the state, may agree with such workmen that the remedies under this act shall be exclusive as regards injuries received outside this state by accident arising out of and in the course of such employment; and all contracts of hiring in this state shall be presumed to include such an agreement."

tinually throughout the day. Miller apparently came into contact with a "bus-bar" which carried a charge of 12,800 to 13,500 volts with an amperage of approximately 500 amps. According to his complaint, Miller received severe burns, and fell fifteen feet to the floor from the ladder upon which he had been working as a result of that contact. Appellant also asserts that he suffered broken ribs, a bilateral lung contusion, a pulmonary embolism, phlebitis and a broken back. This last injury caused a severance of his spinal column rendering him a permanent and total paraplegic cripple, paralyzed below the waist and confined to a wheelchair for life.

This case turns on an interpretation of I.C. § 72–1010:

> "*Employer.*—'Employer,' unless otherwise stated, includes any body of persons, corporate or unincorporated, public or private, and the legal representative of a deceased employer. *It includes the owner or lessee of premises, or other person who is virtually the proprietor or operator of the business there carried on, but who, by reason of there being an independent contractor, or for any other reason, is not the direct employer of the workmen there employed.* If the employer is secured it includes his surety so far as applicable." (Emphasis supplied)

We have recently interpreted I.C. § 72–1010 in the opinion Adam v. Titan Equipment Supply Corp., 93 Idaho 644, 470 P.2d 409, June 15, 1970. Under our holding in that case appellant is clearly a statutory employee of respondents Cooper Brothers, and the judgment of the district court with respect to them is affirmed.[2]

Appellant contends, however, that there is a triable issue of material facts with respect to the question of under whose "control" he was working at the time of his unfortunate accident. Adam v. Titan Equipment, *supra*, also is conclusive on this point. Supervision or control is not an essential element of the *statutory* relationship of employer and employee under I.C. § 72–1010.[3] The issue of control about which there is a factual dispute is, therefore, immaterial, and not a bar to summary judgment.

We are also of the opinion that FMC was Miller's statutory employer under I.C. § 72–1010. The Workmen's Compensation Statute is remedial and should be construed to serve its purpose and in favor of compensation.[4] I.C. § 72–1010 is designed to prevent the operator or proprietor of a business from profiting from the efforts of those who labor in his enterprise while avoiding the Workmen's Compensation Statute by sub-contracting work to possibly irresponsible persons.[5] FMC is in the business of reducing and refining phosphate ore on the premises where appellant suffered his accident. The operation of that business necessitates the continuous use of substantial industrial plant facilities. These facilities must be maintained in good order if the business of FMC is to continue. Plant maintenance, including patching and repairing existing facilities, was, therefore, a necessary part of a business operated by FMC. Thus, Miller was injured while working at the business which FMC operated on the premises at the accident site, and FMC

2. *Accord*, Gifford v. Nottingham, 68 Idaho 330, 193 P.2d 831 (1948) ; Moon v. Ervin, 64 Idaho 464, 133 P.2d 933 (1943).

3. Accord, Ray v. Monsanto Company, 420 F.2d 915, 918 (9th Cir. 1970) (interpreting Idaho law).

4. *See, e. g.*, Kiger v. Idaho Corporation, 85 Idaho 424, 432, 380 P.2d 208 (1963) ; Smith v. University of Idaho, 67 Idaho 22, 26, 170 P.2d 404 (1946) ; Pierstorff v. Gray's Auto Shop, 58 Idaho 438, 443, 74 P.2d 171 (1937) ; McNeil v. Panhandle Lumber Co., 34 Idaho 773, 786, 203 P. 1068 (1921).

5. Gifford v. Nottingham, *supra* note 2, 68 Idaho, at 337, 193 P.2d, at 835, quoted with approval in Adam v. Titan Equipment Supply Corp., 93 Idaho 644, 470 P. 2d 409, June 15, 1970.

**698**

was Miller's statutory employer.[6] Miller's only remedy is provided by the Workmen's Compensation Statute.

The judgment of the district court is affirmed.

Costs to respondents.

McFADDEN, C. J., and DONALDSON, SHEPARD, and SPEAR, JJ., concur.

6. *See* Doucet v. W.H.C., Inc., 212 So.2d 267, 268 (La.App.1968) ; Bell v. South Carolina Electric & Gas Company, 234 S.C. 577, 109 S.E.2d 441, 442 (1959); Boseman v. Pacific Mills, 193 S.C. 479, 8 S.E.2d 878, 880 (1940) ; Purkable v. Greenland Oil Co., 122 Kan. 720, 253 P. 219 (1927) ; *cf.* Kirch v. Armco Steel Corporation, 274 F.2d 120 (8th Cir. 1960) ; Beedy v. Washington Water Power Co., 238 F.2d 123 (9th Cir. 1956) (interpreting Idaho law) ; Blue Ridge Rural Electric Cooperative v. Byrd, 238 F.2d 346, 351, 353 (4th Cir. 1956) rev'd on other grounds, 356 U.S. 525, 78 S.Ct. 893, 21 L.Ed.2d 953 (1958).