Robert RAY, Plaintiff-Appellant,

v.

MONSANTO COMPANY, a Delaware corporation, Defendant-Appellee.

No. 26737.

United States Court of Appeals, Ninth Circuit.

Jan. 12, 1973.

Raymond M. Whittier (argued), Whittier & McDougall, Pocatello, Idaho, for plaintiff-appellant.

Kenneth E. Lyon, Jr. (argued), Ben Peterson, of Baum & Peterson, Pocatello, Idaho, for defendant-appellee.

Before HAMLEY, HUFSTEDLER and TRASK, Circuit Judges.

PER CURIAM:

In this diversity action arising in Idaho, Robert Ray seeks damages from Monsanto Company (Monsanto) for per-

sonal injuries sustained in a construction accident. Holding that, under the Workmen's Compensation laws of Idaho, Monsanto was the statutory employer of Ray, and therefore immune from such a tort action, the district court granted summary judgment for Monsanto.

Ray appealed and we reversed on the ground that, under the undisputed facts, Monsanto was not the statutory employer of Ray. We remanded for further proceedings consistent with our opinion. Ray v. Monsanto Company, 420 F.2d 915 (9th Cir. 1970).

After the remand, and before further district court proceedings, the Supreme Court of Idaho rendered its decisions in Adam v. Titan Equipment Supply Corp., 93 Idaho 644, 470 P.2d 409 (1970); and Miller v. FMC Corporation, 93 Idaho 695, 471 P.2d 550 (1970). Believing that these state court decisions construed the applicable Idaho statute contrary to our construction of it in Ray v. Monsanto Company, *supra*, Monsanto renewed its motion for summary judgment, on the precise ground, and upon the basis of the same undisputed facts, as in the case of the original motion for summary judgment.

The district court again granted summary judgment for Monsanto, and Ray once more appeals. We reverse. In our opinion, neither the *Adam* nor *Miller* decisions by the Supreme Court of Idaho, undermine our decision in Ray v. Monsanto Company, *supra*.

The undisputed facts of this case are outlined in our prior opinion, and need not be repeated in detail here. They show, in substance, that Ray was injured while employed by Tellepsen Construction Company in building, for Monsanto, a new furnace for the production of phosphate on property owned by Monsanto, adjacent to its then existing plant at Soda Springs, Idaho. We there held that, under prior Idaho decisions,[1] and the prior decision of this court in Kirk v. United States, 232 F.2d 763 (9th Cir. 1956), and absent such unique circumstances as those which existed in Beedy v. Washing-

ton Water Power Co., 238 F.2d 123 (9th Cir. 1956), where the owner of land engages an independent contractor to construct a building or other facility on the owner's land, the "business there carried on" under Idaho Code § 72–1010 (1917), is the construction business, and the independent contractor rather than the owner is "virtually the proprietor or operator" of that business, and thus the statutory employer.

In the Idaho Supreme Court's recent *Adam* case, the defendant was a prime contractor whose business was the dismantling of Titan Missile sites. The plaintiff was the widow of a workman who was killed while employed by defendant's subcontractor in salvaging specified items and machinery from one of the silos. Affirming a trial court determination that defendant was decedent's statutory employer, the Idaho Supreme Court held that, under these facts, the defendant was the proprietor and operator of the business of dismantling and salvaging the missile silo and since this was the activity in which decedent was engaged, the defendant was decedent's statutory employer.

In our case, on the other hand, Monsanto was not engaged in the business in which Ray was employed, namely the construction of a new furnace.

In the Idaho Supreme Court's recent *Miller* case, the defendant was the operator of a large phosphate ore reducing plant. That company determined that construction maintenance work should be undertaken on various buildings at that site. The company entered into a contract with another company for the latter to do this maintenance work. The plaintiff was employed by this contractor. As the work progressed, the defendant decided that certain holes in the walls of one of the transformer vaults should be patched by masonry construction. The contractor orally contracted with a mason to do this work, and the mason employed the plaintiff workman, who was injured while doing this work.

1. Moon v. Ervin, 64 Idaho 464, 133 P.2d 933 (1943); Clifford v. Nottingham, 68 Idaho 330, 193 P.2d 831 (1948).

The Idaho Supreme Court affirmed the trial court's judgment for defendant, based on the determination that the defendant was the plaintiff's statutory employer. In so holding, the court relied upon its decisions in *Adam, supra,* and in Gifford v. Nottingham, 68 Idaho 330, 193 P.2d 831 (1948); and Moon v. Ervin, 64 Idaho 464, 133 P.2d 933 (1943).

We have already indicated that the Idaho decision in *Adam* is not contrary to our prior decision herein. In our prior decision, 420 F.2d at 918, note 2, we also made it clear that the *Gifford* and *Moon* decisions are consistent with the result we reached. In *Miller,* the plaintiff workman was engaged in maintenance work for the defendant, not in new construction as in this case.[2]

The judgment is reversed and the cause is remanded for further proceedings consistent with this opinion. The mandate shall issue forthwith.

2. In view of the above analysis we need not reach Ray's contentions that (1) the determination of the statutory employer issue on the prior appeal was binding upon the district court as the law of the case without regard to the subsequent Idaho decisions, and (2) a statutory employer can only take advantage of that status as a defense to a third-party negligence action when, in fact, the intervening contractor or subcontractor is uninsured which was not the case here.