**Robert MICKELSEN and Andrew C. Hartley, State Insurance Manager, State Insurance Fund, Plaintiffs-Appellants,**

v.

**MONSANTO COMPANY, a Delaware corporation, Defendant-Appellee.**

**No. 71–1040.**

United States Court of Appeals, Ninth Circuit.

Jan. 12, 1973.

Jim Christensen (argued), of Coughlan, Imhoff, Christensen & Lynch, Boise, Idaho, for appellant.

Kenneth E. Lyon, Jr. (argued), Ben Peterson, of Baum & Peterson, Pocatello, Idaho, for appellee.

Before HAMLEY, HUFSTEDLER and TRASK, Circuit Judges.

PER CURIAM:

In this diversity suit arising in Idaho, Robert Mickelsen seeks damages from Monsanto Company (Monsanto) for personal injuries sustained in an accident on Monsanto's premises. Andrew C. Hartley, State Insurance Manager, State Insurance Fund, as an additional plaintiff, claims a right to be subrogated to the rights of Mickelsen to the extent of workmen's compensation benefits that have been paid to Mickelsen by the Fund.

Monsanto moved for summary judgment on the ground that under the undisputed facts, Monsanto was Mickelsen's statutory employer under Idaho Code § 72–1010 (1917), and so immune from such a tort action. The district court granted the motion, entered judgment for Monsanto, and plaintiffs appeal.

Monsanto is in the primary business of making elementary phosphorous at its plant near Soda Springs, Idaho. A new electricity transformer had been installed on Monsanto's plant property. Pursuant to a written contract with Monsanto, Gagon Lumber Company (Gagon) had undertaken to supply laborers for various work projects at the Monsanto plant, including the construction of a chain fence around the new transformer. On February 21, 1966, Mickelsen, an employee of Gagon, was engaged in back filling and leveling in connection with the installation of the new fence. He was under the immediate supervision of another Gagon employee. While engaged in this work Mickelsen came into contact with operating electric facilities and sustained the injuries in question.

The facts summarized above reveal that, at the time of his injuries, Mickelsen was engaged in work associated with the construction of a new facility, namely a new chain fence surrounding a newly-installed electricity transformer. He was not engaged in any repair or maintenance work, nor in any phase of Monsanto's primary business of making elementary phosphates. This case is therefore controlled by our decisions in Ray v. Monsanto Company, 420 F.2d 915 (9th Cir. 1970), and 473 F.2d 219 (9th Cir. 1973).

Monsanto relies on the recent Idaho Supreme Court decisions in Adam v. Titan Equipment Supply Corp., 93 Idaho 644, 470 P.2d 409 (1970); and Miller v. FMC Corporation, 93 Idaho 695, 471 P.2d 550 (1970). However, those decisions, as analyzed in our second Ray v. Monsanto opinion, filed today, are not applicable where, as here, the workman was engaged in constructing a new facility for a manufacturing company.

In its statement of material fact filed in the district court in support of its motion for summary judgment Monsanto called special attention to the fact that the new transformer was on Monsanto's property, and it was to be used by Monsanto in carrying out its business of rendering elementary phosphorous. This was also true of the new furnace involved in Ray v. Monsanto, *supra*, at Monsanto's same Soda Springs plant. But in that case we have twice held that these circumstances do not require a holding that Monsanto was Ray's statutory employer. The same reasoning applies here.

Reversed and remanded for further proceedings consistent with this opinion.